Christian, J.,
delivered the opinion of the court.
*349 This is a writ of error to a judgment of the circuit court of Fairfax county.
Two questions are presented for our decision, and both arise upon the exclusion of certain testimony offered by the plaintiffs in error.
The action was debt upon a bond executed by A. S. Grigsby and four others, payable to Moss, and assigned by Moss to Simpson. The suit was brought by the assignee against the obligor, Moss, the obligee being dead. Defendants pleaded usury, and on the trial offered two of themselves as witnesses on their own behalf. . The court, on motion of the plaintiff, excluded both, which is the ground of the first assignment of error.
This presents the question as to the true construction to be given to the 22d section of ch. 172, Code 1873. The 21st section provides, that “ no witness shall be incompetent to testify because of interest.” The 22d section contains the following provision: “And where one of the original parties to the contract or other transaction, which is the subject of the investigation, is dead, or insane, or incompetent to testify by reason of infamy, or other legal cause, the other party shall not be permitted to testify in his own favor, or in favor of any other party having an interest adverse to that of the party so incapable of testifying, unless he shall be first called to testify on behalf of such last mentioned party; and when one of the parties is an executor, administrator, curator or committee, or other person representing a dead person, an insane person, or a convict in the penitentiary, the other party shall not be permitted to testify in his own favpr unless the contract or other transaction in issue,, or subject of investigation was originally made or had with a person who is living and competent to testify,. *350 excePt as to su°h thing8 as have been done since the powers of such fiduciary, were assumed.”
The two witnesses offered in this - case were two of the obligors. Moss, the obligee, was dead. The con^rac^’ which was the subject of investigation in this case, was the bond executed by these two witnesses with three other obligors, payable to Moss, the obligee. Moss was one of the “ original parties to the contract,” and he was dead. Certainly the case comes within the precise terms of the statute, and upon its literal interpretation these witnesses must be excluded, because one of the original parties to the contract made by and with them (Moss, the obligee) is now dead. But it is insisted by the learned counsel for the plaintiffs in error, with much ingenuity and plausible reasoning, apparently sustained by decisions from other states, that this literal interpretation ought not to be given to this statute; and that for the purposes for which these witnesses were introduced they were competent to testify.
It was proposed to show by these witnesses (under the plea of usury) that the money was loaned by Simpson, the assignee, and not by Moss; that the “ transaction” was in fact between the obligors and Simpson, and not between them and Moss, and that Simpson, the real party to that transaction, being then living, the obligors were competent witnesses, as they •could be confronted with Simpson. To sustain this position, the learned counsel rely upon the decisions of other states. We have carefully examined the statutes of these states upon which these decisions arose. First, as to the New York cases, most confidently relied on by the learned counsel for the plaintiff in error. The statute, under which these decisions were made, is as follows: “A party to an action may *351 be examined in his own behalf, or in behalf of any other party, in the same manner, and subject to the same rules of examination as any other witnesses, except that a party shall not be examined against parties who are representatives of a deceased person in respect to any transactions had personally between the deceased person and the witness; and except also, that neither husband nor wife shall be required to disclose any communication made by one to the other.” Law of N. Y., 88d Sess., 1866, p. 787.
In the Yorth Carolina statute, removing disqualification on account of interest, the exception forbids a party from testifying “as to a transaction or communication between him and a person deceased,” &c. 64 Yorth Car. R. 641, secs. 342, 343, C. C. P.
In Arkansas, the restriction as to general competency of parties interested, is “ as to any transactions with, or statements to,” the deceased person. Art. VII Const., see. 22, 26 Ark. 478.
In Missouri, the exception in the statute relates and is confined to persons who are parties to the suit, the issue arising on which is on trial, and not to others who were merely parties to the original contract. Wag. St., 1872, § 1, 47 Missouri 146.
It must be observed that in these statutes of these ■several states there is no prohibition as in ours, as to “parties to the original contract” not being permitted to testify when one of such parties “is dead.” Consequently the decisions made under these statutes cannot be relied on as guides to the construction of ours. After careful examination we find that the Massachusetts statute on this subject is more nearly like ours than that of any other state. In that state the statute admits parties to testify, except “ where one of the ori *352 Parties to the contract or cause of action in issue and on trial is dead.” Geni. Stat., c. 131, § 14.
In construing this statute in Granger and others, ex’ors v. Bassett, 98 Mass. R. 468, the court saysr “The test of competency is the cause of action in issue and on trial, not the fact to which the party is called to testify. If the cause of action was a matter-transacted with a person who has deceased, the other party to that transaction being also a party to the suit,, is not admitted as a witness at all, and cannot testify to any fact in the case. Otherwise, he is admitted as a witness, and being so admitted, the statute contains no restriction nor limitation as to the facts to which his testimony may or may not be directed. His competency must be determined in advance by the nature of the controversy and the questions in issue.”
We think this rule of construction must be applied to our statute. The plain purpose of the legislature was to declare, that where the lips of one party to the original contract or transaction, which is the subject of investigation, are closed in death, the adverse party shall not speak at all.
The object and purpose of the statute was undoubtedly to put the parties on terms of equality in regard to the opportunity of giving testimony. Where parties have contracted with each other, each may be supposed to have an equal knowledge of the transaction, and both, if living and- sane, aré allowed to testify. But if one is precluded by death or insanity, the. other is not entitled to the undue advantage of being a witness in his own case. While the statute has removed all restrictions as to interest, and opened the lips of all parties to “the contract or other transactions, which is the subject of investigation,” when *353 death comes and closes the lips of one, even-handed justice requires that the mouths of all should be sealed.
Under our statute, as under that of Massachusetts, which it nearly resembles, the test of competency is not the fact to which the party is called to testify, but the true test of competency is, is one of the “parties to the original contract or transaction, which is the subject of investigation,” dead? By this fact his competency must be determined in advance. If the contract or transaction was with a person who has deceased, the other party is not admitted as a witness at all, and cannot testify to any fact in the case.
The principles herein declared, as settling the true construction of the statute under consideration, have already been adopted by tbe court. In a very recent ease, Mason and others v. Wood, to be reported in 27 Gratt. (783,) Judge Anderson, delivering the opinion of the court, said in reference to this section (22d): The language of the statute seems to be explicit—“ Where one of the original parties to the contract * * * is dead; * * the other party shall not be admitted to testify in his own favor,” &c. The legislature may have intended to limit the incompeteney to testify to transactions between the living and deceased party, or to the acts and declarations of the deceased party, and not to have otherwise restricted his general competency, as declared by the 21st section; but if so intended it is not so expressed. By the terms and express letter of the law, parties in such cases are declared to be incompetent to testify in their own favor. There is no limitation of incompetency as to the subject-matter of the testimony. It is general and unrestricted. They are declared to be incompetent to testify in the cause in their own favor. It might have been reasonable in the legislature to have *354 restricted the incompetency to such matters as the . ■ other party, if not mcapacited, might be qualified to to, as acts and declarations imputed to him, or transactions in which he acted a part, and left untouched his competency as to other matters; and such ... . . restriction might comport with the spirit of the act; but the legislature has not so said, and the court is not disposed to extend the operation of the act beyond its terms and express provisions; and the incompetency of parties to testify in their own favor in such cases being declared by the act in express terms, they must be held incompetent to testify to any matter bearing upon the issues in the cause.”
These views, so recently expressed by the unanimous judgment of the court, are decisive of the questions raised in the case before us.
The court is therefore of opinion, that the circuit court did not err in excluding the witnesses, Grigsby and Coekerelle, both of whom were obligors in the bond payable to Moss, who was dead, which' bond was the subject of the suit.
Nor does the fact, that Coekerelle was the administrator of Moss, affect the question of his competency. He stood in a double relation. He was a defendant obligor in the suit, and he was administrator of the deceased obligee. The fact that he occupied this latter relation did not relieve him from restrictions of incompetency applicable to him in the former. Both Coekerelle and Grigsby were incompetent, because both were obligors in the bond payable to Moss, in which the suit was brought, and Moss was dead.
The court is further of opinion, that the circuit court did not err in excluding the memorandum in writing and figures proved to be in the handwriting of E. R. Fred. It was proved that the plaintiff had no know *355 ledge of, and had never seen this paper, and it was in fact an offer to introduce the declaration of Fred, which was clearly inadmissible.
Upon the whole case, the court is of opinion there is no error in the judgment of the circuit court, and that the same be affirmed.
Judgment affirmed.