Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit -court of Wythe county, rendered on the 12th. day of March 1874, in an action of debt in said county, in which J. A. Welsh, administrator de bonis non of James R. Kent, was plaintiff, and D. O. Kent, administrator ■of Gordon C. Kent, was defendant. The action was brought on the 9th of March 1869, on a writing obligatory in these words:
“ $5,600. I, Gordon C. Kent, do for value received, promise for myself, my heirs, &c., to pay to James R. Kent, his heirs or assigns, five thousand six hundred dollars on demand. Given under my hand and seal this 6th day of June 1845.
Gordon O. Kent, [Seal.]”
After the case had been several times continued, and the deaths of several of the parties suggested,.and the case revived in the names of other persons, the defendant, on the 18th day of October 1871, pleaded payment aud filed an áecount of set-offs, to which account the plaintiff by his attorney pleaded the act of limitations, and, thereupon the cause was again continued. On the 21st of May 1872 it was again continued. On the 10th of March 1874, issue being joined on the pleas theretofore entered, by consent of the parties by their attorneys, the cause was submitted to the court without a jury, and the court having heard the- evidence, and not being as yet advised of its judgment, took time to consider thereof. On the 12th of March 1874, the court having considered the question of law and fact arising in the cause, was of opinion that the plaintiff was entitled to a judgment for $5,600, with. *842 legal interest thereon (except from the 17th day of April 1861, to the 10th day of April 1865), from the ■ 6th day of June 1845 till paid, subject to the following-credits: $328 paid 9th August 1848; $120 paid 9th August 1848; $650 paid August 1858; $250 paid August 1858; $51.25 paid March 1864; and $6.11 paid 1859; and accordingly rendered judgment that the plaintiff recover against the defendant the said sum of' $5,600, with interest thereon as aforesaid, deducting the abatement from 17th April 1861 to 10th Api’il 1865 as aforesaid, and the costs by the plaintiff about his suit in that behalf expended, execution to be levied, &c., and subject to the credits as aforesaid. There is annexed to the judgment, and no doubt as part thereof, the following—
“Memorandum.—On the motion of the plaintiff by counsel, the court certifies that the interest in this caséis remitted for the period, commencing on the 17th day of April 1861, and ending on the 10th day of' April 1865, by virtue of the authority vested in the court by the fourteenth section of chapter 173 of the-Code of Virginia for 1873, and by virtue of that authority alone, there being no evidence upon the question of interest before the court, and the court acting alone, as above stated, under the section of the chapter of the Code aforesaid, being furnished with the date of the contract from the bond issued in the case.”
To the said judgment the plaintiff applied for a writ of error to a judge.of this court, which was accordingly awarded. The only assignment of error in the judgment is, that the obligor was bound by his contract to pay interest from the date of the obligation until payment; and that the act of the legislature* *843 under which there was in this case an abatement of interest, is, so far as this obligation is concerned, a law impairing the obligation of a contract, and therefore void.
The only question involved in this case is, whether the provision in section 14, chapter 178, of the Code, page 1120, which declares, “ that in all suits for the recovery of money, founded on contracts express or implied, or on causes of action, or on liabilities which were entered into or existed, or where the original consideration accrued prior to the 10th day of April 1865, it shall be lawful for the court or jury before whom the suit may be tried, to remit the interest upon the original debt found to be due, or any part thereof, for the period commencing on the 17th day of April 1861, and ending on the 10th day of April 1865, or for any portion of said period,” &c., in its application to such a case as this, is unconstitutional and void?
A similar question came under the consideration of, and was decided by, this court in the cases of Roberts' adm’or v. Cocke &c., and Murphy v. Gaskins’ adm’or, reported in the last March number of the Virginia Law Journal, page 168, supra 207; and in the three cases decided a few days ago, and of course not yet reported anywhere, of Cecil v. Deyerle &c., Linkous &c v. Shafer &c., and Garnand &c. v. Childress &c. In the opinion of the court delivered by Judge Burks in the first two of the above named cases, all the important principles and all the material authorities on the subject of interest on contracts, and on the constitutionality of retrospective laws affecting that subject, are stated and referred to. And it will therefore be necessary to do little if anything more in this case than to refer to the eases, and especially the opinion aforesaid.
But while what is said in that opinion completely *844 covers this case, there is yet some difference between those cases and this, which is necessary to be stated, and which makes it proper to say something more in this case than merely to refer to them.
Iu all of those cases there was, either .an express promise to pay running interest on the face of the contract; or, where judgment had been obtained on the contract, which was generally and almost altogether the case, the judgment was expressly for running interest. So that the express promise to pay the interest may be as much said to be a part of the contract as the express promise to pay the principal; and a law remitting the one as much a law impairing the obligation of a contract, and therefore as null and void, as a law remitting the other.
In this case there is no express contract to pay interest on the face of the contract; which is a bond dated the 6th of June 1845, for $5,600, payable on demand, on which credits are endorsed for payments made in 1848, 1858, 1859 and 1864. Uor wras there any judgment recovered upon the bond until long after the passage of the act approved April 2, 1878, which is the same with the 14th section of chapter 178 of the Code aforesaid. Though an action of debt upon the said bond was at the time of the passage of that act, and had been a long time before, pending, in which action afterwards, to wit: on the 12th of March 1874, judgment was rendered as aforesaid, for the said principal sum of $5,600, with legal interest thereon from the 6th day of Juné 1845, the date of the bond, till paid, subject to an abatement of said interest from the 17th of April 1861 to the 10th of April 1865, and subject to the credits aforesaid; the court certifying' that the interest was remitted for the period aforesaid, by virtue of the authority vested in the court by *845 the 14th section of chapter 178 of the Code, and by virtue of that authority alone; there being no evidence on the question of interest before the court
blow the question in this ease, is, whether there was an implied contract to pay interest on the principal of the bond in question from its date; it being payable on demand, and being presently due and payable from its date, according to the general construction of such a bond; and there being not a particle of evidence in the case to repel such an implication ?
The constitution both of the United States, and of this state, protects the obligation of a contract against being impaired; which means an implied as well as an express contract; each of which is alike binding.
There was no express contract to pay interest in this case, from the date of the bond. Was there an implied contract to do so ? That is the question, and the only question, on which this ease depends.
According to principles stated in the opinion of the court delivered by Judge Burks as aforesaid, there can be no doubt but that there was such an implied contract.
“It has always been lawful in Virginia,” as stated in that opinion, “for parties to contract for the payment of interest for the use or forbearance of money within the limits prescribed by statute; and in the absence of any express agreement for the payment of interest, in obligations for the payment of a certain sum of money on demand, or on a given day; interest on the principal sum from the time it becomes payable is ‘ a legal incident of the debt, and the right to it is founded on the presumed intention of the parties.’ Chapman’s ad’mrs v. Shepherd’s adm’r, &c., 24 Gratt. 377.”
*846 “ Wherever there is a contract express or implied,” as further stated in the said opinion, “for the payment of legal interest, the obligation of the contract extends as well to the payment of the interest, as it does to the payment of the principal sum, and neither the courts nor the juries ever had the arbitrary power to dispense with the performance of such contracts, either in whole or in part.”
“Such being the law binding upon parties to contracts, and upon the courts and juries, prior to the 10th day of April, 1865, was it competent for the legislature to change the law, and by giving it a retrospective action to deprive a party to a contract of the benefit to which he is entitled under it? It will not be pretended that the legislature could, by a statute acting either directly upon the contract, or indirectly, through the remedy, release the principal sum or any part of it; and this because the law binds the debtor to the performance of his undertaking, which is the payment of such principal sum; and for the same reason it would seem equally clear, that the interest, when a part of the contract, and its payment as much a part of the undertaking of the debtor as the payment of the principal, cannot, by legislative action, direct or indirect, be remitted, released or discharged.”
The foregoing are sound principles of law, and apply to this ease, and are conclusive of it.
A bond payable on demand (as the one in this case is), or on a certain day, bears interest from the time it is payable, according to the well-settled law of this state, unless there be some contract, express or implied, between the parties, or some extraordinary or peculiar circumstances showing that such interest was *847 not to be paid; and the burden of proving such contract or circumstances devolves on the party who seeks to avoid such payment. In the absence of such proof, the obligation for the payment of interest is as much a matter of contract in the case as the obligation for the payment of principal. If money be deposited by one person in the hands of another for a temporary purpose, as for safe-keeping, with the understanding that no interest is to be paid on it during the continuance of the deposit; the holder would, of course, not be bound for interest, at least until he is in default, and from the time of such default, even though the deposit be witnessed by a bond payable on demand in the common form, although, in such a case, it is usually expressed in the bond that it is not to bear interest. But if a bond payable on demand, or on a certain day be given for money loaned, or had and received, or paid, laid out and expended, or work and labor done, or goods sold and delivered, &c., there is an implied contract on the part of the obligor, to pay legal interest on the principal from the time it is payable until it is paid. To pass a law remitting the interest on any part of it in such a case, is to pass a law impaii’ing the obligation of a contract, and to violate the constitution of the United States and of this state, and the law is therefore to that extent null and void.
A bond for a sum certain, payable' on demand, is prima facie a bond of that description. A judgment by default upon it will be for interest as well as principal; and courts and juries having to render judgment on such a bond, are bound to give judgment for interest as well as principal, in the absence of evidence showing that such interest is not due; and if they do not .their judgments will be set aside or reversed.
*848 The existence of war, in the country of the obligor,, will not of itself destroy or impair^his liability for in- ■ terest to an obligee belonging to and living in the-same country, and on the same side of the belligerent lines.
The court is therefore of opinion, that the said act passed April 2, 1878, and the fourteenth section of chapter 173 of the Code of 1873, p. 1120, so far as they are in conflict with the foregoing opinion are-unconstitutional and void; that so much of the said judgment as remits, abates, or deducts interest on the-said principal sum of $5,600, from 17th April 1861, to-10th April 1865 as aforesaid, is erroneous, and ought to be reversed and annulled with costs, and the residue-thereof affirmed.
The judgment was as follows:
The court is of opinion, for reasons stated in writing- and filed with the record, that the circuit court erred in remitting and abating the interest on the principal of the debt in the proceedings mentioned, $5,600, from the 17th day of April 1861 to the 10th day of April 1865; the court being of opinion that the 14th section of chapter 173 of the Code of Virginia for 1873, by virtue alone of the authority vested in the said circuit court by which said section the said court acted in remitting and abating the said interest, conferred no authority to do so, and is unconstitutional, null and void for' that purpose.
Therefore it is considered, that so much of the said judgment as remits and abates the said interest during the said period is erroneous,- and be reversed and annulled, and the residue thereof be affirmed; and that the plaintiff in error recover against the defendant in *849 error, his costs by him expended in the prosecution of his writ of error aforesaid here, to be levied of the goods and chattels of the said intestate, Gordon O. Kent, in the hands of the administrator, the said D. O. Kent, to be administered.
Which is ordered to be certified to the said circuit court of Wythe county.
. Judgment reversed.