# Richmond.

## BOYD'S ADM'R AND ALS. V. TOWNES' ADM'R AND ALS. ·

### May 8, 1884.

1. *Personal Representatives—Payments in C. S. currency—Compound interest—Case at bar.*—Where in 1850 testator directed estate to be kept to support widow and children, each child's part to be paid on coming of age, a son came of age in 1863, and settled with executor, and no undue influence or confidential relation existing, voluntarily received his part in Confederate currency, and died soon after intestate; and executor settled his accounts in 1866 and died in 1879; and in 1880, the son's distributees filed bill to surcharge and falsify the accounts, scale the payments and charge executor with compound interest on certain bonds of the estate:

HELD:

  1. The payments were valid and not scalable.
  2. The executor not being entitled to collect, is not chargeable with compound interest on the bonds.

2. IDEM—*Distributees—Equitable setoffs—Witness.*—Where executor as surety for a distributee paid a judgment against the latter, the former is entitled to setoff in equity the amount so paid, against the distributive share of distributee, and the latter is not a competent witness to testify concerning the judgment, the executor being dead.

Appeal from decree of circuit court of Mecklenburg county rendered 28th July, 1882, in the cause of Alfred Boyd, as administrator, and as distributee of Francis W. Boyd, Jr., deceased, and others, against Thomas F. Goode, executor of William Townes, deceased, and others. The object of the suit was to surcharge and falsify the accounts of said William Townes as executor of Francis W. Boyd, · Sr., deceased, which had been

settled *ex parte* in 1866, to scale the payments which had been made by said Townes as such executor in 1863, to F. W. Boyd, Jr., one of the distributees of F. W. Boyd, Sr., and very recently become of age, in Confederate States currency, and to charge said Townes' estate with compound interest on certain bonds of the estate of F. W. Boyd, Sr., deceased, which said Townes had held and collected, as such executor. The circuit court decreed in favor of the defendants, and the complainants obtained an appeal from the decree to this court. Opinion sufficiently states the facts for the comprehension of the questions decided.

*W. W. Henry*, for the appellants.

*W. E. Homes, W. J. Robertson, A. S. Lee,* and *Green & Faulkner,* for the appellees.

LACY, J., delivered the opinion of the court:

In 1850, Francis W. Boyd, Sr., of the county of Mecklenburg, died, leaving a will, which was admitted to probate March, 1850. William Townes, his father-in-law, who was named in the will as executor, qualified and took charge of the estate. The said Boyd left a widow (who was the daughter of the executor) and five children.

By the will, the estate was directed to be kept together for the support of the widow and the education of the children. If the widow should marry, then she was to receive a child's share, and each child was to receive his share on coming of full age. The widow married and received her share. The oldest son came of age and received his share. The accounts of the executor were regularly settled up to 1860, then the war coming on, there were no more settlements until 1866.

In the meantime, the second son came of age in the year 1863. His name was Francis W. Boyd, Jr. He was a soldier in the Confederate army, and being at home temporarily about that

time, had a settlement with his grandfather, and received $10,000 as his share of his father's estate.

A short time afterwards, said Francis W. Boyd, Jr., was killed while serving in the army, unmarried and without a will.

William Townes, the executor, died in 1879. In April, 1880, the appellants, the half brother and half sister of said Francis W. Boyd, Jr., brought this suit to surcharge and falsify the settled accounts of William Townes, the executor of Francis W. Boyd, Sr., the brothers and sisters of said Francis W. Boyd, Jr., of the whole blood, having settled with the executor in his lifetime. Afterwards, the second husband, Alfred Boyd, the father of the other plaintiffs, was made a party by an amended bill, and he then filed a cross-bill, and as administrator of Francis W. Boyd, Jr., united in the suit.

The court ordered a resettlement of the accounts of William Townes, deceased, as executor; and upon the coming in of the commissioner's report, both sides in the suit excepted.

The defendants except to the scaling of the payments made to Francis W. Boyd, Jr., in 1863, and to the charge against the executor of compound interest on his executorial accounts.

The plaintiff, Alfred Boyd, excepted to the allowance against him of the payment made by William Townes, as his security, in a certain judgment paid to Wright's administrator.

The circuit court sustained the exceptions of the defendants, and overruled the exception of the plaintiff, and decreed accordingly, whereupon the plaintiffs applied to this court for an appeal, which was allowed by one of its judges on the 2d day of November, 1882.

The money was paid by William Townes to Francis W. Boyd, Jr., after he came to full age. It was voluntarily accepted. The evidence shows, conclusively, that Francis W. Boyd, Jr., was subject to no undue influence. There was no such confidential relation between the parties when this payment was made as would invalidate it. One was a creditor fully under-

standing and acting on his rights, who finding an opportunity to invest the money, sought his debtor, and collected what was due him in the then sole currency of the country. This he had a right to do, and his act binds those who claim under him, who waited until the debtor in question had settled his accounts, acquiesced therein for years, and only raised an objection after the death of the debtor, and then seek to collect the money a second time, upon the ground that it was paid in Confederate money, and the creditor was not competent to act for himself and collect his own debts; and this, too, when the evidence shows that the said creditor, while he chose to receive this money and invest it to suit his own views of his interest, did refuse to receive Confederate money from his. guardian, Wimbish, presumably because he did not consider it to his interest to collect that, or to otherwise invest it. It is shown also that this creditor was unusually strong of will and firm of purpose, and not under the influence of any person, but intelligent and self-reliant. We think that the debt in question was paid and extinguished when thus settled, and the circuit court did not err in so deciding. See the case in this court of *Small* v. *Lumpkin*, 28 Gratt. 832.

We think it was right, under the circumstances of this case, to charge the executor with what he received, principal and interest, but not with compound interest. He did not hold the bonds in question as guardian, but as executor. He could not, under the provision of the statute, have charged or collected compound interest on them from his debtors. There is no evidence of any delay on his part in collecting the same. But Townes was in no sense guardian of this person. He had a regularly appointed and qualified guardian, and it cannot be inferred from the terms of the will, or from any act of the said executor, that he took upon himself in any way the custody of the children of his testator. The will gave him no such right or power. The law vested in him no such power, and imposed upon him no such obligation. The will provides that the estate

shall be kept together for the support of the widow and the education of the children.  And, as was said in this court in a noted case, had the testator designed to confer the guardianship, he would have conferred it *totidem verbis,* since it would have been the most natural and obvious way of expressing himself. *Kevan* v. *Waller,* 11 Leigh, 430.  The executor undertook as such no obligation except such as the will imposed, and can be held to no other.  Another person was the guardian, and responsible as such.  The executor could not, under the statute, demand compound interest upon these debts, and it would be an obvious injustice to require him to pay it.  The circuit court did not err in sustaining the exception to the commissioner's report on that subject.

The witness, Alfred Boyd, was not a competent witness to testify concerning the Wright judgment, which Townes had paid as his security, Townes being then dead and incapable of testifying.  But, however that might be, we think the record shows that this judgment was regularly rendered against the said Boyd, Townes and Wimbish, and Townes having paid it, is entitled, as was held by the circuit court, to offset the same against any claim the said Boyd may have in this fund.

See *Leake* v. *Ferguson,* 2 Gratt. 428; *Eidson* v. *Huff,* 29 Gratt. 338; *Mason* v. *Wood,* 27 Gratt. 783, and *Grigsby* v. *Simpson,* 28 Gratt. 348.  And this amount is due to the administrator of Francis W. Boyd, Jr., for the benefit of Alfred Boyd, so far as his interest goes.

We think there is no error in the decree of the 26th of July, 1882, of which the appellants can complain, and the appellees not having appealed, but appearing by the record to have waived their first exception, as to the bonds mentioned therein, the said decree of the 26th of July, 1882, must be affirmed in all respects.

DECREE AFFIRMED.