## Richmond.

WAGER v. BARBOUR.

JANUARY 26th, 1888.

Absent, Lewis, P.

1. WITNESSES—*Competency.*—One not a party to a bond, but who has agreed with the obligor to pay it, and has received from him money for that purpose, is a competent witness to prove payment, though the obligee is dead. Code 1873, ch. 172, § 21; Acts 1877–78, ch. 256, § 1.
2. PRACTICE AT COMMON LAW—*Erroneous instructions—Harmless error.*—Instructions, though erroneous, yet not prejudicial to party excepting thereto, constitute no grounds for reversal.

Error to judgment of circuit court of Culpeper county, rendered September 14th, 1885, in an action of debt wherein E. L. Wager, assignee of H. M. Wager, was plaintiff, and John S. Barbour and C. C. Beckham were defendants. The object of this action was to recover $1,000, with interest from May 1st, 1860, until paid, due by the bond. At the trial there was a verdict for the defendants. The plaintiff moved the court to set aside the verdict and grant him a new trial. This motion the court overruled, and entered judgment in accordance with the verdict. Whereupon the plaintiff obtained a writ of error. Opinion states the case.

*J. C. Gibson* and *J. G. & W. W. Field,* for the plaintiff in error.

*W. W. Henry* and *J. F. Rixey,* for the defendants in error.

LACY, J., delivered the opinion of the court.

The first assignment of error is as to the action of the court in permitting James Barbour to testify in the case as a witness for the defendants to prove their plea of payment. The ground of this objection was that the said witness was interested in the result of the trial, and that the original obligee in the bond was dead, and incapable, therefore, of testifying. Our statute (Code 1873, ch. 172, § 21) provides that " no witness shall be incompetent to testify because of interest." The twenty-second section of said chapter, as amended by the act of April 2, 1877, (Acts 1877–78, ch. 256, § 1, p. 265,) provides that "and where *one of the original parties to the contract or other transaction which is the subject of investigation* is dead or insane or incompetent to testify by reason of infancy or other legal cause, *the other party* shall not be admitted to testify in his own favor, or in favor of any other party having an interest adverse to that of the party so incapable of testifying," etc., and concludes with the proviso: "Provided, however, that no witness who would have been competent to testify as the law stood before the passage of this and the preceding section, shall be rendered incompetent thereby." In this case the witness James Barbour had received the money necessary to pay off this bond from John S. Barbour, Jr., and had undertaken and bound himself to pay it off. He was introduced to prove the payment by himself in accordance with this agreement, and the ground of his interest in the result was that, if payment was not established, he would have to pay it himself. The plaintiff moved to exclude the testimony of this witness, because he was thus interested, and the original obligee of the bond (which was the original contract) was dead; the plaintiff insisting that the transaction under investigation was, under the plea of payment, the fact of payment. But the circuit court held that the statute no longer excluded any person by reason of interest, however great; and that the exception in the statute was

to exclude the *other party* to the *contract or other transaction* when one of the *original parties* to the contract was dead; that the witness was not a party to the contract, one of the original parties to which was dead, and was not, therefore, under the terms of the statute, excluded.

In the case of *Grigsby* v. *Simpson*, 28 Gratt., 348, which was a suit upon a bond, under the plea of usury, the obligors were offered as witnesses to prove that the transaction was in fact had with the then plaintiff, who sued as assignee, and who lent the money for which the bond was given, the obligee being dead at the time of the trial, this court said: "The two witnesses offered in this case were two of the obligors. Moss, the obligee, was dead. The *contract* which was the *subject* of *investigation* in this case *was the bond* executed by these two witnesses with three other obligors, payable to Moss, the obligee; Moss was one of the 'original parties to the contract,' and he was dead. Certainly the case comes within the precise terms of the statute, and upon its literal interpretation these witnesses must be excluded, because one of the original parties to the contract, made by and with them, (Moss, the obligee,) is dead. It was proposed to show by these witnesses (under the plea of usury) that the money was loaned by Simpson, the assignee, and not by Moss; that the *transaction* was in fact between the obligors and Simpson, and not between them and Moss, and that Simpson, the real party to that transaction, being then living, the obligors were competent witnesses, as they could be confronted with Simpson." But Judge Christian, after citing the statutes of other States, and distinguishing cases cited in those States, cited approvingly the case of *Granger* v. *Bassett*, 98 Mass., 468, as holding: "The test of incompetency is the cause of action in issue and on trial, not the fact to which the party is called to testify. If the cause of action was a matter transacted with a person who has deceased, the other party to that transaction, being also a party to suit, is not admitted as a witness at all, and cannot testify to any

fact in the case; otherwise he is admitted as a witness, and, being so admitted, the statute contains no restriction nor limitations as to the facts to which his testimony may or may not be directed. His competency must be determined in advance by the nature of the controversy and the questions in issue." And said: "We think this rule of construction must be applied to our statute. The plain purpose of the legislature was to declare that when the lips of one party to the original contract or transaction which is the subject of investigation are closed in death, the adverse party shall not speak at all." See, also, the case of *Mason* v. *Wood*, 27 Gratt., 783. In the case of *Grandstaff* v. *Ridgely*, 30 Gratt., 18, Judge Staples said: "The court is further of opinion that the circuit court erred in refusing to permit B. F. Murray, the deputy sheriff, to testify as a witness in behalf of the defendants. The action was against the sheriff and his sureties for the *default of this deputy* in failing to pay over money collected under an execution. Second, for failing to levy and make due return of the execution. The witness was excluded upon the ground of interest in the result of the trial, arising out of his liability over to his principal, and because some of the sureties upon the official bond of the sheriff being dead, the plaintiffs could not testify under the statute."

In this case, the witness, James Barbour, was not a party to the contract, one of the original parties to which had died; he was not a party to the suit, and in no way is he included by the terms of the statute. That being so, his interest in the result of the trial, whatever that might be, did not affect his competency, as interest, under the law, does not disqualify, unless the witness is included by the terms of the statute. We are therefore of opinion that there was no error in the action of the circuit court in refusing to exclude him as a witness.

The next assignment of error which we will consider is the alleged error of the circuit court in refusing to set aside the

verdict, and grant a new trial. The circuit court certifies in detail the evidence of all the witnesses, one after another, and there is a good deal of conflict in the testimony; and although the court certifies at the end of the bill of exceptions, " and these are all the facts proved," still this is a certificate of evidence, unless we can consider that two opposite and contradictory statements could be *proved facts.* That being so, and the jury and the trial court having concurred in a decision in favor of the defendants, we cannot review the judgment without passing upon the credibility of witnesses, and the weight of testimony, which is not the duty of this court which did not hear the witnesses testify, and is without any rational criterion by which to determine their credibility. And this court, according to its well-settled rule, will not reverse the judgment rendered in the court below in such a case upon such ground.

Exception is taken to the instruction given by the court below as to the effect of the admissions of an assignor, before or after assignment, regarding a receipt referred to in the case in such light; but there is no error therein to the prejudice of the plaintiff, the receipt not being used to prove itself, but the fact of payment being directly and distinctly proved by the testimony of a competent witness, upon whose credibility it was the province of the jury to pass.

Upon the whole case, we are of opinion that there is no error in the said judgment, and the same is affirmed.

JUDGMENT AFFIRMED.