### Richmond.

MUTUAL LIFE INSURANCE CO. OF NEW YORK V. OLIVER.

DECEMBER 16, 1897.

Absent, Cardwell and Harrison, JJ.

1. PLEADING—*Declaration—Sufficiency of.*—A declaration   is sufficient which sets out the contract sued on, states when and where it was made, and alleges all the circumstances necessary to support the action with sufficient fullness, clearness, and precision to apprise the defendant of the grounds of the plaintiff's claim, and to enable the defendant to plead to it.

2. EVIDENCE—*Witnesses—Contract with Corporation—Original Parties—Competency of Agent—Test of Competency.*—In a contract of insurance the original parties to the contract are the assured and the insurance company, and, in an action on the policy, the agent of the company who procured the policy is a competent witness on behalf of the company, although the assured be dead at the time of trial. He was competent at common law, and the statute has not imposed any restriction on his competency. The test of competency under the statute is not the *fact* to which the witness will testify, but the contract or other transaction which is the subject of investigation. Agents are not within the exceptions to competency created by statute of persons generally to be witnesses. There is no disqualification, express or implied, in the statute, of a mere agent in any case.

3. I N S U R A N C E—*Payment of Premium—Estoppel—Waiver—Evidence.*—Where a policy of insurance has not been delivered, and the blank in the application for the amount of the premium has not been filled, there is no such unequivocal acknowledgment of the receipt of the premium, nor any such acknowledgement of its receipt, as will estop the company from showing by parol evidence that the premium has not been paid, nor the payment waived.

4. EVIDENCE—*Witness—Incompetency—Bill of Exception—Objection on Other Grounds, but Excluded for Incompetency.*—When a witness is excluded on the ground of incompetency, it is not necessary to

state in the bill of exception what is expected to be proved by him. The objection to his competency implies that his evidence would be unfavorable to the party objecting. This is an exception to the general rule. If the witness is excluded on the ground of incompetency, it is immaterial that the objection to questions propounded to him was founded on other grounds.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, rendered December 28, 1895, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Cole & Shultice* and *Edward S. Short*, for the plaintiff in error.

*Edward R. Baird*, Jr., for the defendant in error.

RIELY, J., delivered the opinion of the court.

The first assignment of error in this case is that the court erred in overruling the demurrer to the declaration.

The alleged ground of objection to the declaration is that it does not state " when, where, or how" the contract sued on was made. The objection is not well founded. The declaration sets out the contract; states when and where it was made; and alleges all the circumstances necessary to support the action with sufficient fullness, clearness, and precision to apprise the defendant company of the grounds of the plaintiff's claim, and to enable it to plead to the action. The object of a declaration is to set forth the facts which constitute the cause of action so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court which is to give judgment. The declaration in this case complies with these requirements. The demurrer was properly overruled.

The next assignment of error relates to the action of the court in excluding the witness, Martin S. Stringfellow, from testifying in regard to the contract on which the action was founded. He was introduced as a witness by the defendant company, and after it had proved by him that he, as its soliciting agent, took the application of Charles R. Oliver for the contract of insurance for the benefit of the plaintiff, its counsel propounded to the witness the following question: " At the time of taking the said application did Mr. Oliver pay you any money, or did you furnish him a binding receipt?" To this question, the counsel for the plaintiff objected, and also objected to the further testimony of the witness "upon any matter relating to his dealing with Mr. Oliver, or any of Mr. Oliver's statements to him which concerned said application, or the contract of insurance alleged to have been made by the defendant in accordance therewith." The court sustained the objection, and refused to allow the witness to answer the question, or to testify in regard to the said matters, upon the ground that the witness was one of the original parties to the contract or transaction under investigation, and Oliver, the other party, being dead, the witness was thereby rendered incompetent, under the second division of section 3346 of the Code, to testify in regard to the contract or transaction. To this ruling of the court, the defendant excepted and filed its bill of exception.

Incompetency of a witness to testify because of interest, subject to a few qualifications, was long since removed in this State by statute. One of the qualifications of the right to testify is that " where one of the original parties to the contract or other transaction, which is the subject of the investigation, is incapable of testifying by reason of death, insanity, infamy, or other legal cause, the other party to such contract or transaction shall not be admitted to testify in his own favor, or in favor of any other person whose interest is adverse to that of the party so incapable of testifying, unless he be first called to testify in behalf of such last mentioned party   *   *   *   *   *."

It was under this qualification of the right to testify that the court excluded the witness.

The contract for insurance made by Oliver with the defendant company was the foundation of the suit, and the subject of the investigation. The original parties to the contract were Oliver and the Company. They were the contracting parties, and not Oliver and the witness, Stringfellow, who was simply the agent of the Company, and in no legal sense one of the "original parties" to the contract. And, unless he was one of the original parties to the contract which constituted the cause of action and was the subject of the investigation, he was not incompetent to testify. The test of competency of a party under the statute is not *the fact* to which such party is called to testify, but the contract or other transaction, which is the subject of investigation. *Martz* v. *Martz*, 25 Gratt. 364-65; *Huffman* v. *Walker*, 26 Gratt. 314; *Grigsby* v. *Simpson*, 28 Gratt. 348; *Grandstaff* v. *Ridgeley*, 30 Gratt. 18; *Simmons* v. *Simmons*, 33 Gratt. 461; *Hughes* v. *Harvey*, 75 Va. 207; *Wager* v. *Barbour*, 84 Va. 419; and *Hall* v. *Rixey*, *Id.* 790.

In *Kelly* v. *Board of Public Works*, 75 Va. 263, it was decided that the plaintiff was competent to testify, although two of the members of the Board at the time the transaction, which was the subject of the suit, took place, had since died. "The members of the Board," said Judge Anderson in that case, "who are dead, were not parties to the suit, had no interest in it, and although they may have been agents of the defendant corporation in its transactions with the plaintiff, if the defendant were a natural person, and the transaction which was the subject matter of the suit had been between his agents and the plaintiff, and in the absence of the defendant, who had no personal knowledge of what transpired, the death of his agents, the defendant living, could not render the plaintiff incompetent to testify in his behalf. Neither could the death of the agents of the defendant corporation render the plaintiff incompetent to testify."

Under the principle of this decision, construing the second

division of sec. 3346, the death of the agent of one of the
original parties to the contract or transaction, with whom the
contract or transaction, which is the subject of the inves-
tigation, was in part made or had by the other party there-
to, would not render such other party incapable of testifying,
unless the contract or transaction were *personally and solely*
made or had with such agent as specified in sec. 3348.

A corporation must of necessity contract through its agents,
and is incapable of testifying except through the mouth of its
agents. Its incapacity to testify does not, however, operate to
exclude the testimony of a party with whom it has made a con-
tract or had a transaction, which is the subject of a suit between
them, because it is not incapacitated to testify by reason of
death, insanity, infamy, or other legal cause, the causes speci-
fied by the statute, whose existence shall disqualify the other
party as a witness in his own favor, unless he be first called to
testify in favor of the party who is incapable of testifying by
reason of some one of the causes so specified. But even if the
defendant company in the case at bar were a natural person, and
the application for insurance had been procured from Oliver by
Stringfellow as the agent of such person, the death of String-
fellow would not render Oliver incapable of testifying, unless
the contract for insurance was *personally and solely* made with
Stringfellow, nor conversely would the death of Oliver render
Stringfellow incapable of testifying, for Stringfellow would not
be one of the *original parties* to the contract for insurance with-
in the meaning of the statute. Agents are not within the
exceptions to competency created by the statute of persons
generally to be witnesses. There is no disqualification, express
or implied, in the statute of a mere agent in any case. The im-
plication from it is just the reverse. Where one of the original
parties to the contract or transaction is incapable of testifying
by reason of any of the causes specified in the statute, it is in
effect provided by the last clause of the second division of sec-
tion 3346 that the other party to the contract or transaction may

testify, if the "contract or transaction was personally made or had with an agent of the party so incapable of testifying, and *such agent is alive and capable of testifying,*" thus plainly implying that such agent would be a competent witness.

An agent was a competent witness at common law to prove all matters pertaining to a contract made by himself for his principal; and this too, although he was interested in the contract to the extent of his commissions. 1 Greenleaf on Ev., sec. 416. In *Hunter* v. *Leathley,* 10 B. & C. 858, an insurance broker, who had effected a policy of insurance, was held to be a competent witness for the assured to prove any matters connected with the policy, although he had an interest in it arising from his lien on it for unpaid commissions. This exception to the general rule of the common law of incompetency by reason of interest is said to have its foundation in public convenience and necessity, but whatever be its foundation, the exception is thoroughly established.

It has been repeatedly said by this Court that the statute relating to the competency of persons as witnesses was enacted to remove incompetency in most cases, and not to create it in any case. *Borst* v. *Nalle,* 28 Gratt. 434; *Reynolds* v. *Galloway,* 31 Gratt. 438; and *Knick* v. *Knick,* 75 Va. 17. And we have seen that there is nothing to disqualify an agent in the few qualifications imposed by the statute upon its general removal of the incompetency of persons as witnesses. So that both by the common law and under the statute Stringfellow was competent to testify in behalf of his principal, the defendant company. The court below, therefore, erred in excluding him as a witness on the trial of the case on the ground that he was not a competent witness. He was competent to testify, and the question propounded to him was relevant and material. The policy of insurance was never delivered, and the application for the insurance, which specified that the policy should not take effect until the first premium had been paid and the policy delivered, was a printed form containing blank spaces to be filled according

to the facts of the particular case.  Among these blank spaces was one for the insertion of the amount of the required premium, which, when filled, would constitute an acknowledgment in the application of the receipt of the premium.  The space for the insertion of the amount of the premium was not filled, but left blank.  The policy not having been delivered and the blank space in the application for the insurance not having been filled, there was no unequivocal acknowledgment of the receipt of the premium, or any such acknowledgment of its receipt, as would estop the defendant company from proving that it had not been paid or waived.  Consequently, evidence was admissible to that end, and the question propounded to the witness was one proper to be asked and answered.

The record does not show what the answer of Stringfellow to the question propounded to him would have been, or what the defendant expected or proposed to prove by him, but this is not necessary under the circumstances of this case.  Ordinarily where a question is asked and the witness is not permitted to answer it, the record must show what the party expected or proposed to prove by the witness in order to have the action of the trial court reviewed by the appellate tribunal.  *A. & D. R. Co.,* v. *Reiger, ante, p.* 418; and *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146.  Where, however, it is not a question of the relevancy or materiality of the testimony, but a question of the competency of the witness, and whether he shall be permitted to testify at all, though his testimony be ever so relevant and material, it was held in *Martz* v. *Martz,* 25 Gratt. 367, that it is not necessary to state in the bill of exception what the testimony of the witness would be in order to have the action of the court in excluding him reviewed by the appellate tribunal.  The fact that he was excluded by the court, upon an objection being made to his testimony by the adverse party, implied that it would be unfavorable to such party.  It is true that in this case the plaintiff did not found his objection on the incompetency of the witness.

That, however, was the ground on which the court refused to allow him to answer the question, and excluded him. The effect is the same as if the plaintiff had based his objection on that ground, for it resulted in depriving the defendant altogether of the testimony of the witness in regard to all matters affecting the application of Oliver for insurance, or the contract for insurance. The evidence was excluded upon the plaintiff's objection, and he must abide the consequence of the error.

The court having refused to allow the witness Stringfellow to testify as to any matter relating to his dealings with Oliver, or as to any statement made to him by Oliver concerning the application for insurance or the contract for insurance, we cannot know what his testimony upon another trial will be. Instructions are required to be based upon and limited to the evidence in the case, and as we cannot know what his evidence will be, it would be premature to pass upon the questions raised by the instructions refused and given on the last trial. For this reason, they will not be considered in the present attitude of the case. Upon the next trial, the aspect of the case may be materially changed by the testimony of Stringfellow, and the instructions offered and refused or given on the last trial be more or less irrelevant and inapplicable, and any discussion of them now rendered valueless. It would also be improper to engage in any discussion of the evidence on the motion for a new trial.

For the error in excluding the testimony of Stringfellow, on the ground of incompetency, the judgment of the court below must be reversed, the verdict of the jury set aside, and a new trial awarded the defendant company, upon which new trial, Stringfellow, if again offered as a witness, shall be allowed to testify and to answer, if asked, the question propounded to him on the last trial, and to give any other relevant, material, and legal testimony.

*Reversed.*