# Richmond.

## WILSON v. WOOLDRIDGE.

### November 11, 1915.

1. PLEADING—*Affidavit to Plea of Non Est Factum—Further Affidavit Under Section 3279 of the Code.*—A defendant who has made affidavit to a plea of *non est factum* under section 3278 of the Code is not required to make any further affidavit under section 3279.

2. WITNESSES—*Competency—Death of One or Three Joint Obligors—Code, Section 3347.*—In an action on a bond against three joint obligors, one of whom is dead, the surviving obligors and the obligee being parties with whom the contract was personally made, are competent witnesses to testify under the express provisions of section 3347 of the Code.

3. WITNESSES — *Examination — Re-examination.* — Where witnesses have testified that the signature of a defendant to the bond in suit is his genuine signature, and thereafter the defendant has testified that the alleged signature was not his signature, the witnesses originally examined by the plaintiff may not be re-examined merely to state that, notwithstanding the testimony of defendant, they are still of opinion that his signature to the bond in suit is genuine. Not being offered to prove any new or omitted fact, it is not permissible to introduce them merely to reiterate the testimony already given.

4. EVIDENCE—*Papers not Introduced—Right of Jury to Inspect—Code, Section 3388.*—The plaintiff has no right under section 3388 of the Code to demand that papers shown to a witness for the purpose of identifying the signature of a defendant thereto but which were never introduced in evidence, shall be allowed to go to the jury for their inspection after the conclusion of the evidence and arguments.

Error to a judgment of the Circuit Court of Tazewell county in a proceeding by motion for a judgment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Wm. H. Werth,* for the plaintiff in error.

*A. S. Higginbotham* and *Chapman, Peery & Buchanan,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

C. C. Wilson gave notice of motion for judgment against the administrator of J. G. Harman, James Wooldridge and W. M. Higginbotham. The notice was in the following words:

"You are hereby notified that on the 20th day of February, 1915, which is the sixth day of the February term of the Circuit Court of Tazewell county, Virginia, I shall move the said court for the said county, for a judgment against you for the sum of $300.00 and interest thereon from the 20th day of March, 1912, as evidenced by a certain bond, a copy of which is hereto attached, for the sum of Three Hundred Dollars.

(Signed)   "C. C. WILSON,

"By Counsel."

The bond is in the following words:

"Twelve months after date we, or either of us, promise and bind ourselves, our heirs, etc., to pay C. C. Wilson Three Hundred Dollars for value received of him, with interest at 6 *per cent. per annum* until paid, and we hereby waive our homestead exemption law as to this debt, as witness our hands and seals this March 20, 1912.

"J. G. HARMAN,       (Seal)

"JAMES WOOLDRIDGE,    (Seal)

"W. M. HIGGINBOTHAM,  (Seal).

At a subsequent day James Wooldridge, one of the obligors, entered the following plea:

"The said defendant, James Wooldridge, by his attorneys, comes and says that the supposed writing obligatory in the notice mentioned is not his deed; and of this he puts himself upon the country." And made the following affidavit:

"This day the above-named defendant, James Wooldridge, personally appeared before me in my said county and made oath that the statements of the foregoing plea are true." Attested by A. C. Buchanan, notary public.

Higginbotham appeared and pleaded "that the alleged instrument is not the note and instrument of this defendant, and he denies the signature of his name thereon to be his handwriting and signature, and denies that he is liable thereon for anything; and files this his plea of *non est factum,* under which he expects and gives notice of his intention to prove that said instrument was never signed by him in his handwriting, or recognized or authorized by him as and for his signature," and this paper was accompanied by an affidavit. Subsequently Higginbotham appeared and pleaded *non est factum,* and to that plea he also made affidavit.

Upon these pleas the case was tried and the jury found a verdict in favor of the plaintiff against the administrator of J. G. Harman, deceased, and on the issue joined between the plaintiff and the defendants, James Wooldridge and W. M. Higginbotham, they found for the defendants. Thereupon, the plaintiff moved the court to set aside the verdict in favor of Wooldridge and Higginbotham, which motion the court overruled, and the plaintiff excepted. Judgment was then entered in accordance with the verdict, and the case is before us upon a writ of error.

The writ of error and *supersedeas* awarded in this case only operates as to the judgment in favor of James Wooldridge, no question being made in this court with respect to the judgment in favor of Higginbotham.

The first error assigned by the petitioner is that James

Wooldridge, while he verified his formal common-law plea as required by section 3278 of the Code, did not make and file with it the affidavit required by section 3279.

Section 3278 is as follows: "No plea in abatement or plea of *non est factum* shall be received, unless it be verified by oath."

And section 3279 says: "Where a bill, declaration, or other pleading alleges that any person made, endorsed, assigned, or accepted any writing, no proof of the fact alleged shall be required, unless an affidavit be filed with the pleading putting it in issue, denying that such endorsement, assignment, acceptance, or other writing was made by the person charged therewith, or by any one thereto authorized by him."

It will be observed, on comparing the notice in this case with section 3279, that it contains no allegation that any person made, endorsed, assigned, or accepted any writing, and applying to plaintiff in error the same strictness as to pleading which he invokes with respect to the defendant in error, it might well be held that he was not entitled to the benefit of section 3279. But there is a more meritorious answer to be made to this assignment of error.

In the plea of *non est factum*, James Wooldridge declares that the supposed writing obligatory in the notice mentioned is not his deed, and in his affidavit filed with the plea he makes oath that the statements of the foregoing plea are true. It would seem, therefore, that with respect to the plea of *non est factum*, which is necessarily verified by affidavit by the express terms of the statute, it would be a work of supererogation to make substantially a similar affidavit under section 3279. We are of opinion that there is no merit in this contention.

During the progress of the trial, James Wooldridge took the stand to testify in his own behalf. His testimony was objected to upon the ground that J. G. Harman, whose name is signed to the bond sued on, is dead; but the court overruled the objection and permitted Wooldridge to testify.

Section 3346, subsection 2, of the Code is as follows: "Where one of the original parties to the contract or other transaction, which is the subject of investigation, is incapable of testifying by reason of death, insanity, infancy, or other legal cause, the other party to such contract or transaction shall not be admitted to testify in his own favor or in favor of any other person whose interest is adverse to that of the party so incapable of testifying, unless he be first called to testify in behalf of such last-mentioned party; or unless some person, having an interest in or under such contract or transaction, derived from the party so incapable of testifying, has testified in behalf of the latter or of himself as to such contract or transaction; or unless the said contract or transaction was personally made or had with an agent of the party so incapable of testifying, and such agent is alive and capable of testifying."

If that section stood alone, we would have no difficulty in holding, upon the authority of numerous cases in this court, notably that of *Grigsby* v. *Simpson,* 28 Gratt. (69 Va. 348, that the witness was incompetent; but section 3347 of the Code seems to require a different conclusion. It is there provided, that "where any of the original parties to the contract or other transaction which is the subject of investigation, are partners or other joint contractors, or jointly entitled or liable, and some of them have died or otherwise become incapable of testifying, the others, or such of them as there may be, with whom the contract or transaction was personally made or had, or in whose presence and with whose privity it was made or had, shall not, nor shall the adverse party, be incompetent to testify because some of the partners or joint contractors, or of those jointly entitled or liable, have died or otherwise become incapable of testifying."

This section seems to have been passed to meet the decision of the court in *Mason* v. *Wood,* 27 Gratt. (68 Va.) 783. In that case there were several obligors, one of whom died, with

the result that it rendered the obligee in the bond incompetent to testify and that fact disqualified the remaining obligors. This section was passed to meet that situation.

In the case before us there was one obligee, C. C. Wilson, and three obligors, Harman, Wooldridge and Higginbotham. Harman died before the institution of the suit and his administrator is a party. He was one of three obligors who were jointly liable. The transaction under investigation is a bond and two of the obligors therein, with whom the contract was personally made, are alive, and the section under consideration expressly declares that neither the surviving obligors nor the adverse party, who is Wilson, the obligee, shall be incompetent to testify because one of the joint obligors has died.

We are of opinion that the circuit court did not err in permitting Wooldridge to testify as a witness in the case.

During the progress of the trial the plaintiff in error introduced three witnesses, Preston, Gillespie and Brittain, who testified that from their knowledge of Wooldridge's signature and the comparison they had made between the alleged signature on the bond and his admitted signature they were of opinion that the signature to the bond in suit purporting to have been made by him was genuine. After the evidence of the plaintiff and defendants had been introduced in chief, and after Wooldridge had testified that he never signed the bond sued on, the plaintiff reintroduced the witnesses Preston, Gillespie and Brittain, and asked them if the fact that Wooldridge denied the genuineness of his alleged signature to the bond in question would affect their opinion as to the genuineness of said signature. To this the defendant, Wooldridge, objected, and the court sustained his objection.

These witnesses had been fully examined. They had made the statement in chief as to their opinion of the genuineness of Wooldridge's signature, and it was not proposed to examine them upon any new or omitted fact not covered by their original testimony, but merely to ask them whether their opinion

had been changed by the testimony of Wooldridge that his sup-
posed signature was a forgery.   This practice, if sanctioned,
would lead to an endless chain of iteration and reiteration, and
we think the court committed no error in refusing to permit
the witnesses to testify.

During the course of the trial three checks and four notes
were submitted to a witness, who identified the signatures
thereon as the genuine and true signatures of James Wool-
dridge, and thereupon the plaintiff, by counsel, took the checks
and notes and the bond sued on, and handed them to the jury
and asked the jury to examine the signatures thereto and com-
pare the signature on the bond sued on with the signatures iden-
tified by the witness.   Thereupon, the defendant, by counsel,
objected to the jury being allowed to make the comparison, upon
the ground that the jury were not experts in handwriting.   Be-
fore the court had ruled upon this objection, plaintiff, by coun-
sel, withdrew his request that the jury make such examination,
and the papers were withdrawn from the jury by plaintiff's
counsel.   After all the evidence had been introduced in the case
and the jury had been instructed as to the law and heard the
arguments of counsel, and were about to retire to consider of
their verdict, plaintiff asked that the jury be allowed to take
the papers to their room, and thereupon Wooldridge, by counsel,
objected to the jury being allowed to take them and plaintiff
insisted upon his request, basing it upon section 3388 of the
Code, which is as follows:   "Papers read in evidence, though
not under seal, may be carried from the bar by the jury."   But
the court sustained the objection and refused to permit the
jury to take the papers to their room, because they had not
been introduced in evidence, but only used by plaintiff's wit-
nesses for the purpose of comparison, to which ruling of the
court the plaintiff then and there excepted.

We think, looking to all the circumstances attending the in-
cident, there was no error in the ruling of the court.   The coun-
sel for plaintiff in error, as appears from the bill of exceptions,

took the papers in question and handed them to the jury to make an examination of them. To his doing this Wooldridge, the defendant, by counsel, objected, and before the court could rule upon the objection counsel for plaintiff in error withdrew the request and the papers were withdrawn from the jury by plaintiff's counsel. It is plain, therefore, that they were not read in evidence before the jury in accordance with the terms of section 3388, and that there was no error in the ruling of the court complained of.

The instructions given to the jury by the court were not objected to, and upon the whole case we are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*