## CIRCUIT COURT OF WARREN COUNTY

Ethell

    v.

Warrenton Soaring Center

September 15, 1986

Case No. (Law) L85007604

By JUDGE HENRY H. WHITING

    The Court's ruling on the motion to set aside the verdict is contained herein.

    Plaintiff's aircraft was damaged when its brakes allegedly failed while taxiing on the Warren County Airport runway, causing the craft to go out of control, and struck the defendant's parked aircraft. The defendant was charged with negligence in being parked too close to the runway in the "free zone." The jury found for the defendant on issues of negligence and contributory negligence. The matter is now before the Court on the plaintiff's motion to set aside the verdict, assigning three grounds. Grounds One and Two are related and will be disposed of as one ground.

    Error is assigned in (a) refusing to permit the plaintiff's expert witness to state it was negligent to park aircraft near the runways of a small airport and (b) permitting the defendant to show student pilots were taught to park as the defendant did near such runways. The Court did permit both parties to introduce evidence of the customary practice in parking aircraft adjacent

to runways and what was taught student pilots but left to the jury the decision of which practice was proper.

The Court felt that the manner of parking and taxiing of airplanes was a subject not within the experience and competence of an ordinary juror and thus permitted expert testimony on the customary practices and the dangers to be expected by both the operator of the taxiing aircraft and the one parked adjacent to the runway.

Each party presented conflicting testimony as to the customary practices without objection, but only the defendant presented evidence as to what was taught students. The plaintiff objected to this testimony and likened it to the rejection of earlier testimony of his experts as to whether the defendant's conduct was negligent. There is very little similarity in these questions. The method taught is simply another way of stating the customary practice, to which neither party had any objection. A jury need not have found that the teaching method or the practice constituted careful conduct.

Virginia has held several times that experts may not be asked the ultimate question, expressed in *Webb v. Commonwealth*, 204 Va. 24, 32-33 (1963), as:

> It is generally held that while an expert witness may be permitted to express his opinion relative to the existence or non-existence of facts not within common knowledge, he cannot give his opinion upon the precise or ultimate fact in issue, which must be left for the jury. *Id.*, at 33.

*See also* the very recent case of *Patterson v. Commonwealth*, 3 V.L.R. 343, 355-356 (3 Va. App. ---) (September 2, 1986).

The paraphrased questions of cases illustrative of this rule follow: Was the killing deliberate and premeditated in a murder case? *Waye v. Commonwealth*, 219 Va. 683, 696 (1979); was a statement submitted to the State Corporation Commission a true statement in a criminal prosecution for filing a false statement? *Thornton v. Commonwealth*, 113 Va. 736, 744-745 (1912); was the effect of accounting entries such as to indicate a shortage in an embezzlement case? *Webb v. Commonwealth, supra*; was the effect of the entries shown to be to conceal the true state of the bank account in another embezzlement case? *Mitchell v. Commonwealth*, 141 Va. 541, 565 (1925)

(*compare Webb* and *Mitchell* with *Patterson, supra*); did certain enumerated facts indicate that a fire was of incendiary origin in an arson prosecution? *Ramsey* v. *Commonwealth,* 200 Va. 245, 248-249 (1958); was the defendant's blood alcohol content such as to indicate he was not fit to operate an automobile in a DUI case? *Newton* v. *City of Richmond,* 198 Va. 869, 875 (1957); was the penetration of a young child's vagina accomplished by a male penis in a statutory rape case? *Strawderman* v. *Commonwealth,* 200 Va. 855, 859 (1959); were these girls raped in a rape case? *Cartera* v. *Commonwealth,* 219 Va. 516 (1978).

A number of cases have suggested that the consideration is not one of the "ultimate issue" but "whether the opinion expressed is really one based on the special expertise of the expert, that is, whether the expert because of his expertise is in a better position to have an opinion on the subject than is the trier of the fact." *State* v. *Sparks,* 255 S.E.2d 373, 381 (N.C. 1979); § 22, *Expert and Opinion Evidence,* 31 Am. Jur. 2d 518, *et seq.*

Under neither of these rules would the answer to the question of whether it is negligent to park that close to the runway be admissible. When both parties had full testimony as to the manner of operating taxiing aircraft, the traffic distances and terrain involved and the customary practices, the jury was fully capable to decide if either or both aircraft operators were negligent. Accordingly, the motion must be overruled as to Grounds One and Two.

The third ground is that the Court:

> erred in admonishing counsel or the Plaintiff in his re-direct examination of Plaintiff by stating, in the presence of the jury and without prior warning, that the trial judge was "tired" of a repetition of Plaintiff's testimony on the case in chief, where counsel for the defense had not raised any prior objection thereto. The trial court should not have objected on its own motion; and if the trial court was going to object, it should have done so at the bench or in some other manner not likely to influence a jury. In addition, Plaintiff's re-direct examination was directed to matters brought out on cross-examination which, even if repeti-

tive, was proper. *See Scholz* v. *Standard Accident Ins. Co.*, 145 Va. 694, 134 S.E. 728 (1926).

There is no doubt of the duty of the trial judge to facilitate the orderly progress of the trial provided he does so in an impartial manner and in a way not to prejudice either side. *Skipper* v. *Commonwealth*, 195 Va. 870, 879 (1954). Equally obvious is that repetitive examination of witnesses should not be permitted, particularly on rebuttal. *Wilson* v. *Wooldridge*, 118 Va. 209, 214 (1915). Otherwise it "would lead to an endless chain of iteration and reiteration." *Id.*, at 215. There is little in *Scholz* v. *Standard Accident Insurance Co.*, 145 Va. 694 (1926), cited by the plaintiff to support the proposition that "Plaintiff's re-direct examination was directed to matters brought out in cross-examination which, if repetitive, was proper." (Memorandum, page two.) *Scholz* involved rebuttal examination on questions *brought out on cross-examination*, not repetition of questions asked on *direct* examination when the witness is on rebuttal.

Unfortunately we had no court reporter and therefore we have no transcript. I cannot remember what was said, but I do remember that when counsel objected to my intervention and my remarks I explained to the jury that most lawyers are understandably anxious that their version of the evidence be clearly before the jury and that the jury not forget the earlier testimony and that is why we frequently had attempts to repeat direct testimony on rebuttal. My very distinct recollection was that it was a mild criticism of lawyers generally but not particularly plaintiff's counsel, and especially that it did not reveal any bias against the plaintiff's case.

If I said I was tired of repetitive testimony, it was a remark that should not have been made in the jury's presence, or even to counsel alone, for that matter. Judges should avoid any such remarks and confine themselves to ruling in as completely an impersonal manner as possible. However, I do not believe it reflected in any way upon the merits of the plaintiff's case but only upon the tendency of so many counsel to have the witnesses simply repeat their direct testimony on rebuttal and, therefore, is not a sufficient basis for setting aside the verdict.