#### Staunton.

HOUCK'S ADMINISTRATOR AND ANOTHER v. KERFOOT'S
ADMINISTRATOR.

SEPTEMBER 12, 1901.

1. RES JUDICATA—*Partnership—Case in Judgment.*—The real estate
which is the basis of the controversy in this cause was conveyed to
two persons jointly, without other designation or description, and
the evidence does not show that it was bought with partnership
funds, or for partnership purposes, or that there ever was a partner-
ship between the alleged partners. Under these circumstances, it
must be deemed to be joint property of the grantees, and not part-
nership property, and the administrator of one of them cannot
recover rents accrued after the death of his intestate. The mere
fact that in a suit between estates of the two joint owners to settle
the account of rents of the property, the commissioner, and the
court, in its decrees, occasionally spoke of them as partners, is not
an adjudication of that question, and does not affect the relations
of the alleged partners. The adjudication of a question is the
deliberate action of the court on that question.

Appeal from a decree of the Circuit Court of Rockingham
county, pronounced November 1, 1897, in two chancery suits
heard together under the style of *Mary J. Houck and Others* v.
*John C. Woodson, Administrator, and Others,* and *Ruffner's
Trustee* v. *Andrew J. Houck and Others.*

*Affirmed.*

The opinion states the case.

*John E. Roller,* for the appellants.

*Yancey & Haas,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This cause was before us in 1895, the controversy then being as to the validity of the two judgments in favor of the firm of Dunham and Kerfoot obtained in 1858 against Andrew Houck. These judgments were resisted upon the ground, (1) that they were barred by the statute of limitations, and (2) because of the alleged laches of the creditor in prosecuting his claims.

These contentions were decided adversely to the appellants, and the decree of the lower court declaring both judgments to be valid and subsisting liens against the real estate of Andrew Houck, deceased, was affirmed. *Houck* v. *Dunham*, 92 Va. 311.

By decree of November 1, 1897, a fund of $568.00, with interest from November 6, 1889, ascertained to be in the hands of John E. Roller, special receiver, was declared to be a real fund, arising from the rentals of the real estate of Andrew Houck, deceased, subject to the liens of the Dunham and Kerfoot judgments; and the special receiver was ordered to pay the same to the administrator of the surviving partner of that firm, after first deducting a fee of $150 allowed counsel, and the unpaid costs of the suits. From this decree the cause is again before this court, the contention now being that the fund in question is not a real fund, that the real estate from which it arose was partnership property of Andrew Houck and Alfred Sprinkle, and the rentals thereof personalty, which should pass into the hands of the administrator of Andrew Houck, to be distributed in equal proportions to all of his creditors.

It appears that by deed dated April 3, 1855, George Miller and wife conveyed to Andrew Houck and Alfred Sprinkle two houses and lots in the town of Harrisonburg. The language of this deed is apt, and such as is usually employed to create in the grantees of a deed a joint ownership in the property conveyed. There is not a word used by the draughtsman which suggests

that the parties occupied or intended to assume the relation of partners; nor does it appear that a partnership of any kind existed between them either before or after the date of the deed in question.

There is no direct or affirmative proof tending to show an intention on the part of the grantees to hold these two houses and lots as partnership property, or to use the same for any partnership purpose. .

It appears that in 1856 Andrew Houck conveyed all of his estate, including his interest in these houses and lots, to a trustee for the benefit of his creditors. It further appears that Andrew Houck died about forty years ago; that shortly thereafter Alfred Sprinkle died, and that their respective estates have since been continuously the subject of litigation. It appears that there are pending not less than five chancery suits for various purposes in connection with the settlement of these estates, and involving many questions of controversy. One or more of these causes involved a settlement of the accounts between Andrew Houck and Alfred Sprinkle, growing out of their joint ownership of the two houses and lots in question.          .

In the absence of other evidence to support the contention that this real estate was partnership property of a firm composed of Andrew Houck and Alfred Sprinkle, appellant relies upon certain recitals in the decrees and other proceedings had in the several chancery causes mentioned; and chiefly upon the proposition that the question is *res adjudicata* under the decrees of April 19, 1884, November 5, 1887, and October 28, 1889.

There was a settlement to be had between the estates of Andrew Houck and Alfred Sprinkle, involving the purchase money paid by them respectively upon their joint purchase of the houses and lots, and the rents arising from the same. The several commissioners, in dealing with these matters, would speak of the firm of Houck & Sprinkle, and the partnership accounts of Houck & Sprinkle, and the decrees following the

language of the commissioner would use the same description; but it is apparent that this was done without reference to the technical meaning attached to the terms employed.  The decrees and other proceedings frequently speak of Houck & Sprinkle as joint owners of the houses and lots, the terms "partners" and "joint owners" being sometimes indifferently used in the same decree.

The decrees relied on were interlocutory, and do not constitute an adjudication of the question that a partnership existed between Houck & Sprinkle with respect to their ownership of these houses and lots.  The adjudication of a question is the deliberate action of the court upon that question.  It is clear that no such question was ever considered by the court until the decree appealed from was entered.

The fund in controversy arose some years after the death of Andrew Houck, it being conceded that it represents his share of the rentals of the two houses for the two years beginning April 1, 1865, and ending April 1, 1867.  The administrator of Andrew Houck, could therefore have no interest in the fund. If any one could claim the fund as against the judgment lien creditor of Andrew Houck, it would be his widow and heirs, and although they are parties to these proceedings they are not here complaining.

There is no error in the decree appealed from to the prejudice of appellant, and it must be affirmed.

*Affirmed.*