## CIRCUIT COURT OF ALLEGHANY COUNTY

Linda Sue Nichols

v.

Darrell Edward Nichols

November 30, 1976

By JUDGE ROSCOE B. STEPHENSON, JR.

The sole issue for decision is whether the jury's verdict finding that the defendant (Mr. Nichols) is the father of Connie Jean Nichols (the child) should be set aside because, as Mr. Nichols contends, there was a previous adjudication to the contrary. In other words, does the doctrine of estoppel by judgment apply?

By this proceeding, initiated and filed June 2, 1976, in the State of West Virginia under the Uniform Reciprocal Enforcement of Support Act, the petitioner (Mrs. Nichols) sought support for the child. The papers were forwarded to the Juvenile and Domestic Relations District Court of Alleghany County (District Court), and service of process was obtained on Mr. Nichols in Alleghany County, his place of residence.

On August 9, 1976, after a full evidentiary hearing in which the child's paternity was put in issue, the District Court held that Mr. Nichols was the father of the child and ordered support in the amount of $35.00 per week. To this decision Mr. Nichols filed an appeal to this court.

On June 25, 1976, Mr. Nichols filed a suit in this court seeking a divorce from Mrs. Nichols, who was a

resident of the State of West Virginia.[1] Mrs. Nichols was proceeded against by order of publication,[2] and she received a copy thereof by registered mail on July 10, 1976.[3]

This appeal case was originally set for trial on August 26, 1976. It was continued to September 9, 1976, on Mr. Nichols's motion. On that date, the defendant again moved for a continuance, and the trial date was set for October 5, 1976.

Mrs. Nichols neither filed pleadings nor appeared in the divorce suit. On September 2, 1976, counsel for Mr. Nichols (being the same counsel that represented him in the District Court) presented a decree to this court which was entered and which awarded Mr. Nichols a divorce. That decree recited that no children were born of the marriage.

At the trial of this proceeding on October 5, 1976, counsel for Mr. Nichols moved for dismissal upon the ground that the issue of paternity had been formerly adjudicated in the divorce suit. This motion was overruled, the case was tried with a jury, and a verdict was returned finding that Mr. Nichols was the father of the child. Counsel for Mr. Nichols moved to set aside the verdict upon the sole ground that the issue of paternity had been previously determined in the divorce suit.

The doctrine of estoppel by judgment applies where a court, which has jurisdiction of the subject matter, has previously decided the precise issue between the same parties. *Brunner* v. *Cook*, 134 Va. 266, 114 S.E. 650; *Harris* v. *Sparrow*, 146 Va. 747, 132 S.E. 694; *Ferebee* v. *Hungate*, 192 Va. 32, 63 S.E.2d 761. And to constitute an adjudication of an issue, the court must take deliberate action thereon. *Houck* v. *Kerfoot*, 99 Va. 658, 661, 39 S.E. 590, 591. If, however, the court lacked jurisdiction

[1] Although the bill of complaint alleged "[t]hat there were no children born of said marriage," the prayer thereof merely asked that a divorce from the bond of matrimony be granted.

[2] The sole object of the suit as stated in the order of publication was to obtain a divorce from the bond of matrimony.

[3] Although Mrs. Nichols testified that she received a copy of the bill of complaint, the record indicates that she only received an order of publication.

over either the parties or the subject matter of the controversy, the judgment as to such matter is absolutely void. *Linkous* v. *Stevens,* 116 Va. 898, 909, 910, 83 S.E. 417, 420.

If one wants a divorce court to determine the paternity of a child of the wife, the issue should be raised clearly by proper pleadings. 24 Am. Jur. 2d, *Divorce and Separation,* § 877.

Where one proceeds by an order of publication against a nonresident who neither pleads nor appears, the court has jurisdiction to determine only matters *in rem,* and has no authority to determine *personal* rights (i.e., matters *in personam*). *Pennoyer* v. *Neff,* 95 U.S. 714, 24 L. Ed. 565; *Dillard* v. *Central Virginia Iron Co.,* 82 Va. 734, 1 S.E. 124; *Humphreys* v. *Humphreys,* 139 Va. 146, 123 S.E. 554. 62 Am. Jur. 2d, *Process,* §§ 77, 78.

In the divorce suit the court had jurisdiction to adjudicate but one thing, a divorce. And that was all that Mr. Nichols sought as shown by the prayer of his bill of complaint and the object of the suit as stated in the order of publication. So much of the decree as may purport to adjudicate the rights or paternity of the child (which are *personal* rights) were outside the authority and jurisdiction of the court and are absolutely void. *See* 10 Am. Jur. 2d, *Bastards,* § 81.

Rejection of Mr. Nichols's contention does not rest solely upon these legal principles. For to sustain his motion under the facts and circumstances of this case would do violence to our basic concept of judicial fairness and would make a mockery of the judicial system.

The motion to set aside the jury's verdict is overruled, and an order shall be entered accordingly.