UPON REHEARING EN BANC
RANDOLPH A. BEALES, Judge.
Anselmo M. Rozario (appellant) was convicted by the Chesterfield County Circuit Court, sitting as the fact finder, of *144 contempt of court under Code § 18.2-456.[1] He argues that the trial court should not have considered the results of an Alcosensor test as evidence that he appeared intoxicated before the trial court. He also argues that, if the Alcosensor test results were not admissible, then the evidence was insufficient to convict him of contempt. A panel of this Court in a memorandum opinion found the evidence was insufficient to convict appellant of contempt. Rozario v. Commonwealth, No. 1433-05-2 (Va.Ct.App. Nov. 14, 2006). The Commonwealth petitioned for review of this case en banc, which was granted, and we stayed the mandate of the panel. After consideration by the full Court and for the reasons stated herein, we now affirm appellant’s conviction.
BACKGROUND
On February 7, 2005, appellant appeared in the General District Court for Chesterfield County on a traffic offense. Based on appellant’s bloodshot eyes and the odor of alcohol emanating from him, the general district court judge asked the bailiff to take appellant and have him undergo an Alcosensor test, which came back with a reading of .107% blood alcohol content (BAC). The general district court convicted appellant of contempt pursuant to the provisions of Code § 18.2-456.
Appellant appealed the conviction to the Chesterfield Circuit Court. The general district court, pursuant to Code § 18.2-459,[2] submitted to the circuit court a “certificate of the *145 conviction and the particular circumstances of the offense” with the record from the general district court. The certificate read:
On February 7, 2005 while holding traffic court, I noticed Mr. Anselmo Rozario when he appeared in front of me with bloodshot eyes and an odor of alcohol about him. I had my deputy test him and the reading was .10. I then gave him ten days in jail for Summary Contempt of Court.
The Commonwealth introduced this certificate and rested its case. Appellant then introduced the Alcosensor certificate, showing the .107 BAC results of the Alcosensor test.
The circuit court found appellant was in contempt of the general district court on February 7, 2005, and sentenced him to ten days in jail with five days of that sentence suspended.
THE ALCOSENSOR RESULTS
First, appellant asks this Court to find that the trial court inappropriately considered the results of the Alcosensor test. We find the trial court properly considered the Alcosensor results.
Appellant did not object to the admission of the general district court certificate filed pursuant to Code § 18.2-459, which referred to the Alcosensor test. Appellant himself introduced the Alcosensor certificate. In addition, he did not ask that the trial court limit its consideration of the Alcosensor certificate when he introduced the document. Appellant cannot ask for the admission of evidence and then complain when the trial court considers it. See Billips v. Commonwealth, 48 Va.App. 278, 295, 630 S.E.2d 340, 348 (2006) (“It is well settled in Virginia that an appellate court will not ‘notice error [that] has been invited by the party seeking to take advantage *146 thereof on appeal.’ ” (quoting Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970))).
As appellant introduced the Alcosensor certificate himself (without asking the trial court to limit its consideration of the document) and he did not object to the introduction of the certificate from the general district court, we find the trial court did not err in considering the results of the Alcosensor test.
SUFFICIENCY
Appellant’s second Question Presented asks, “In the absence of evidence of the results of the chemical test for blood alcohol content, was the information contained in [the court’s] Statement of Facts sufficient to support the Circuit Court’s finding of guilt?” (Emphasis added.)
The trial court did not err in considering the evidence placed before it, as we discussed supra. Therefore, because the results of the chemical test for blood alcohol content were properly admitted and considered by the trial court, appellant’s sufficiency argument is moot as the argument’s very premise—that the Alcosensor results were admitted in error— is untrue. See, e.g., Midkiff v. Commonwealth, 223 Va. 1, 3 n. *, 286 S.E.2d 150, 151 n. * (1982) (explaining that Midkiffs constitutional argument was premised on a finding that good faith was not an element of Code § 18.2-271.1; therefore, as the Court found good faith was an element of that statute, his constitutional argument was moot). We cannot consider moot arguments on appeal, see Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (noting that appellate courts do not consider moot issues), and so we do not address appellant’s sufficiency question.
CONCLUSION
We find the trial court did not err in considering the Alcosensor evidence. The remaining question is moot. *147 Therefore, we affirm appellant’s conviction for contempt of court.

Affirmed.

. Code § 18.2-456 reads, in pertinent part, "The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following: (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice. ...”

. Code § 18.2-459 reads:
Any person sentenced to pay a fine, or to confinement, under § 18.2-458, may appeal therefrom to the circuit court of the county or city in which the sentence was pronounced.... If such appeal be taken, a certificate of the conviction and the particular circumstances of the offense, ... shall forthwith be transmitted by the sentencing judge to *145 the clerk of such circuit court, who shall immediately deliver the same to the judge thereof. Such judge may hear the case upon the certificate and any legal testimony adduced on either side, and make such order therein as may seem to him proper.