COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia

HERBERT W. LUX, S/K/A
 HERBERT W. LUX, JR.

                                                  MEMORANDUM OPINION[*] BY
v.      Record No. 1476-12-4            CHIEF JUDGE WALTER S. FELTON, JR.
                                                  DECEMBER 17, 2013

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                      William H. Shaw, III, Judge Designate

           G. Price Koch (Spencer Mayoras Koch Cornick & Meyer PLC, on
           brief), for appellant.

           Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
           Cuccinelli, II, Attorney General, on brief), for appellee.


        Herbert W. Lux ("appellant") appeals his conviction of obstruction of justice, in violation of

Code § 18.2-460(A), following a jury trial in the Circuit Court of Stafford County ("trial court").

Appellant contends the trial court erred by refusing to set aside the jury's verdict of guilty because

the evidence was insufficient to show (i) that he intended to obstruct the general district court judge

in the performance of his duties, and (ii) that he committed a direct act that prevented the court from

conducting its judicial business.  He further contends that the Honorable William H. Shaw, III,

Judge Designate, erred by ruling that he was not required to retake the oath of office after being

designated, pursuant to Code § 17.1-106(A), by the Chief Justice of the Virginia Supreme Court to

preside over cases in the trial court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).

On October 6, 2011, Belinda Yates ("Yates") was arrested for committing obstruction of justice by force, a Class 5 felony, in violation of Code § 18.2-460(C). At some point after her arrest, Yates signed a document granting her power of attorney to appellant.[1] On January 11, 2012, appellant accompanied Yates to the Stafford County General District Court for her preliminary hearing on the charge of felony obstruction of justice. Appellant was not licensed to practice law in Virginia or in any other state. Nevertheless, citing the signed power of attorney document, he planned to "act[] on [Yates'] behalf" during her preliminary hearing in the general district court.[2]

Immediately prior to Yates' preliminary hearing, the presiding district court judge called a fifteen-minute recess to enable the court reporter to prepare for the hearing.[3] When there were only a few minutes remaining in the recess, appellant and Yates moved from their seats in the courtroom audience to a table in the front of the courtroom reserved for litigants and their licensed attorneys ("counsel table").

---

[1] "'Power of attorney' means a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term power of attorney is used." Code § 64.2-1600 (previously Code § 26-73).

[2] A power of attorney does not give the agent authority to represent the principal in a criminal proceeding. See, e.g., Code § 54.1-3900 (only persons licensed to practice law in Virginia may practice law in Virginia); Code § 54.1-3904 (penalty for practicing law without authority).

[3] Appellant and Yates were present in the courtroom when the district court judge called the fifteen-minute recess.

On the day of Yates' preliminary hearing, Stafford County Sheriff's Office Deputy S.D. Epple was working in his capacity as bailiff for the general district court. Deputy Epple informed the district court judge, who was not in the courtroom during the recess, that appellant was seated at counsel table with Yates. The district court judge told Deputy Epple that only defendants and their licensed attorneys were permitted to sit at counsel table. The district court judge informed Deputy Epple that the court could not proceed with Yates' preliminary hearing until appellant removed himself from counsel table. Deputy Epple returned to the courtroom.

Deputy Epple and Deputy K. Steininger, both in uniform and displaying their badges of authority, approached counsel table, where appellant and Yates remained seated. Deputy Epple asked appellant if he was an attorney licensed to practice law in Virginia. Appellant replied that he was not. Deputy Epple told appellant that he must leave counsel table if he was not a licensed attorney. Appellant stood up, affirmatively asserted to the deputies that he had a right to sit at counsel table, and informed them that he was "acting under a power of attorney for Belinda Yates."[4] Deputy Steininger informed appellant that the district court judge would not return to the courtroom or proceed with Yates' preliminary hearing until appellant moved from counsel table and took a seat in the audience.

When appellant persisted in remaining at counsel table, Deputy Epple "use[d] [] force, because [appellant was not] going on [his] own, to move [appellant] away from the table."

---

[4] Prior to Yates' preliminary hearing, appellant had twice attempted to represent criminal defendants in Spotsylvania and Stafford County courts, citing a signed power of attorney document as his authority for acting as the accused's counsel. In each case, the respective trial courts informed appellant that he was not permitted to represent another individual in a criminal matter and was not permitted to sit at counsel table if he was not a licensed attorney.

Deputy Epple subsequently arrested appellant for obstruction of justice, in violation of Code § 18.2-460(A).[5]

At his trial *de novo* in the Stafford County Circuit Court,[6] appellant asked the Honorable William H. Shaw, III, a retired judge, to disqualify himself from presiding over appellant's trial. Pursuant to Code § 17.1-106(A), the Chief Justice of the Supreme Court had previously designated Judge Shaw to assume judicial duties in the circuit for a period not exceeding ninety days. However, appellant contended that Judge Shaw lacked authority to preside over his trial because he had not retaken the required oath of office, pursuant to Code § 49-1, after being designated by the Chief Justice to assume judicial duties in the circuit.[7] Judge Shaw denied appellant's motion. Judge Shaw held that the oath of office he had previously taken "stay[ed] in effect when [he] retired and stayed on the Supreme Court callback list."[8]

---

[5] Code § 18.2-460(A) provides, in pertinent part:

> If any person without just cause knowingly obstructs a judge . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, . . . he shall be guilty of a Class 1 misdemeanor.

[6] On February 21, 2012, appellant was tried and convicted of obstruction of justice, in violation of Code § 18.2-460(A), in the Stafford County General District Court. On February 22, 2012, appellant appealed his conviction to the Circuit Court of Stafford County for trial *de novo*.

[7] Code § 49-1 provides, in pertinent part:

> Every person before entering upon the discharge of any function as an officer of this Commonwealth shall take and subscribe the following oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the Commonwealth of Virginia, and that I will faithfully and impartially discharge all the duties incumbent upon me as . . . . . . . according to the best of my ability, (so help me God)."

[8] Code § 17.1-106(B) provides:

> It shall be the obligation of any retired judge or justice who is recalled to temporary service [by the Chief Justice of the Supreme

At appellant's trial in the circuit court, Deputy Epple testified that his responsibilities in the general district court included ensuring that no unauthorized individuals sat at counsel table. He told the jury that the district court judge would not enter the courtroom while appellant remained at counsel table with Yates. He further testified that the district court judge was unable to hear cases on the docket on January 11, 2012 because appellant insisted on remaining at counsel table.

Appellant, who represented himself at trial, testified in his defense. He asserted that, pursuant to Yates' signed power of attorney, he had a right to "[c]ounsel" and remain with Yates at counsel table during her preliminary hearing in the district court. He contended that he did not immediately leave counsel table when instructed to do so by the deputies because he was gathering the papers he had previously arranged on the table.

The jury heard the evidence in the case and subsequently returned its verdict finding appellant guilty of obstruction of justice, in violation of Code § 18.2-460(A). The trial court thereafter accepted the jury's sentencing verdict requiring appellant to pay a fine of $2,500 as punishment for his offense.

Appellant thereafter moved the trial court to set aside the jury's verdict, arguing that the evidence presented was insufficient to prove that he committed a direct act that prevented the deputies or district court judge from performing their respective functions. The trial court denied appellant's motion to set aside the verdict.

---

Court] and who has not attained age seventy to accept the recall and perform the duties assigned. It shall be within the discretion of any justice or judge who has attained age seventy to accept such recall.

II. ANALYSIS

A. Oath of Office

Appellant does not challenge the authority of the Chief Justice of the Supreme Court to recall retired judges to preside over courts of record for a period not exceeding ninety days. Code § 17.1-106(A). Neither does appellant contend that Judge Shaw's designation under Code § 17.1-106(C) to assume "all the powers, duties, and privileges attendant on" the judicial office was invalid. Rather, appellant asserts that Judge Shaw did not have the authority to preside over his trial because he had not retaken an oath of office relative to that designation. He asserts that, in as much as Judge Shaw voluntarily retired in 2009, his oath of office lapsed upon retirement. Appellant cites no authority to support that assertion.

This appeal "present[s] a pure question of law involving constitutional and statutory interpretation. We apply a *de novo* standard of review to such questions." Gallagher v. Commonwealth, 284 Va. 444, 449, 732 S.E.2d 22, 24 (2012).

Article II, § 7 of the Virginia Constitution provides:

> All officers elected or appointed under or pursuant to this Constitution shall, before they enter on the performance of their public duties, severally take and subscribe the following oath or affirmation:
>
> "I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the Commonwealth of Virginia, and that I will faithfully and impartially discharge all the duties incumbent upon me as ...................., according to the best of my ability (so help me God)."

See also Code § 49-1 (codifying the general form of the oath required by officers entering upon service to the Commonwealth).

Code § 17.1-106 provides, in pertinent part:

> A. The Chief Justice of the Supreme Court may call upon and authorize any justice or judge of a court of record who is retired . . . to . . . perform for a period of time not to exceed ninety

- 6 -

days at any one time, such judicial duties in any court of record as the Chief Justice shall deem in the public interest for the expeditious disposition of the business of the courts of record.

\* \* \* \* \* \* \*

C. Any justice or judge recalled to duty under this section shall have all the powers, duties, and privileges attendant on the position he is recalled to serve.

"[U]nder basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute." Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004). "'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)).

There is no language in the above-quoted constitutional or statutory provisions that requires a retired judge, who took the oath of office at the commencement of the term of office in effect at the time of his or her retirement, to retake the oath of office when designated by the Chief Justice of the Supreme Court pursuant to Code § 17.1-106(A). Under longstanding principles of statutory construction, this Court will not read such a requirement into those provisions. See, e.g., Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918) (if the legislative intent is apparent from the plain language of the statute, this Court will not "add to or subtract from the words used in the statute"). Rather, this Court "presume[s] that the legislature chose, with care, the words it use[d]" when it enacted a statute. Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011). If the General Assembly intended to require retired judges, recalled to service by the Chief Justice of the Supreme Court pursuant to Code § 17.1-106, to retake the oath of office, it would have stated that requirement. Compare Ala. Code § 12-18-7 (1973) (affirmatively requires retired judges, recalled to service, to retake oath of office), Idaho Code Ann. § 1-2005 (2005) (same), and Or. Rev. Stat. § 1.300

- 7 -

(2003) (same), with Minn. Stat. § 484.61 (1986) (no requirement that retired judges, recalled to service, retake oath of office), Mont. Code Ann. § 19-5-103 (2005) (same), Ohio Rev. Code Ann. § 3.23 (2007), § 1907.14 (2009) (same), R.I. Gen. Laws § 8-3-8 (2012) (same), S.C. Code Ann. § 14-1-215 (1996) (same), Va. Code § 17.1-106 (same), and Utah Code Ann. § 78A-7-201 (2012) (same).

Based on the foregoing principles of statutory and constitutional interpretation, we conclude that the trial court did not err when it ruled that Judge Shaw, who took the oath of office at the commencement of his term of service to the Commonwealth, and whose oath of office continued in effect at the time of his retirement, was not required to retake the oath of office prior to presiding over appellant's trial.

## B. Obstruction of Justice

Appellant asserts the evidence was insufficient to prove beyond a reasonable doubt that he intended to commit obstruction of justice, in violation of Code § 18.2-460(A), and that he committed a direct act that prevented the general district court from conducting its judicial business. In our review of a challenge to a criminal conviction, "'[w]here the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995)).

Code § 18.2-460(A) provides, in pertinent part:

> If any person without just cause knowingly obstructs a judge . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, . . . he shall be guilty of a Class 1 misdemeanor.

The Supreme Court has held that, to sustain a conviction of obstruction of justice under Code § 18.2-460(A), "there must be acts clearly indicating an intention on the part of the accused to

prevent the [judicial] officer from performing his duty, as to obstruct ordinarily implies opposition or resistance by direct action." Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998).

In Rozario v. Commonwealth, 50 Va. App. 142, 647 S.E.2d 502 (2007) (*en banc*), a majority of this Court affirmed appellant's conviction of contempt, in violation of Code § 18.2-456. The Court did not reach the ultimate issue of whether the evidence was sufficient to sustain appellant's contempt conviction. Rather, the Court held that appellant's sufficiency argument was moot. Id. at 146, 647 S.E.2d at 504.

The Rozario dissent, in dicta, proceeded to the ultimate issue of whether the evidence was sufficient to prove that appellant contumaciously obstructed the court in its administration of justice. The dissent noted that obstruction of justice "'means that [conduct] must interfere with or disrupt the orderly process of the court.'" Id. (Benton, J., dissenting) (quoting Commonwealth ex rel. Falwell v. Di Giacinto, 471 A.2d 533, 537 (Pa. Super. Ct. 1984)). It stated that conduct that "'cause[s] delay or disruption of the hearing . . . constitute[s] a contumacious obstruction of the administration of justice.'" Id. (Benton, J., dissenting) (quoting Di Giacinto, 471 A.2d at 537). Finally, the dissent concluded that behavior that is "'disruptive of the proceeding[],'" "'rebellious, . . . insubordinate, . . . willfully disobedient[,] or openly disrespectful'" constitutes obstruction of the court in the discharge of its duties. Id. (Benton, J., dissenting) (quoting Cameron v. State, 650 A.2d 1376, 1381 (Md. Ct. Spec. App. 1994)). Although the dissenting opinion in Rozario carries no precedential value, we find the analysis persuasive.

Here, the evidence presented at trial showed that appellant insisted on remaining at counsel table despite the bailiffs' admonishment that the court would not proceed with its business if he remained there. The evidence showed that, prior to Yates' preliminary hearing, appellant had twice attempted to represent individuals in criminal proceedings, and had twice been informed by the

court that he was not permitted to represent others in criminal proceedings and that he was not permitted to sit at counsel table. His insistence on remaining at counsel table effectively ensured that the district court judge would not reenter the courtroom, that the court could not proceed with the cases on its docket, and that Yates' preliminary hearing would not occur. There was ample evidence presented at trial from which the trier of fact could reasonably conclude (i) that appellant intended to obstruct the district court judge in the performance of his duties, and (ii) that appellant's insistence on remaining at counsel table constituted a direct act that resulted in a suspension of the court's ability to conduct its business in the courtroom. Accordingly, we conclude from the record on appeal that the trial court did not err by refusing to set aside the jury's verdict on the basis that the evidence presented was insufficient to show that appellant intended to and did commit a direct act that prevented the district court judge from performing his official duties.

## III. CONCLUSION

For the foregoing reasons, appellant's conviction of obstruction of justice, in violation of Code § 18.2-460(A), is affirmed.

Affirmed.