COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Decker, Russell and AtLee
Argued at Richmond, Virginia


ASHLEY UNGER, S/K/A
  ASHLEY MICHELLE UNGER

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 2196-14-2                   JUDGE MARLA GRAFF DECKER
                                                      DECEMBER 22, 2015

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Melvin R. Hughes, Jr., Judge

        Dorian Dalton, Senior Assistant Public Defender, for appellant.

        Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Ashley Unger appeals her conviction for criminal contempt of court. The appellant was

originally convicted in a summary proceeding in the general district court and appealed to the circuit

court. She contends that because her conduct did not occur entirely in the presence of the district

court, she could not properly be punished summarily. Accordingly, she suggests that the circuit

court should have dismissed the contempt adjudication. She also argues that the circuit court erred

in refusing to allow her to present evidence. We hold that the denial of the appellant's motion to

dismiss was not error on the facts of this case. We further conclude that the appellant was entitled

to present evidence in the circuit court. Therefore, we reverse the appellant's conviction and

remand the case to the circuit court for additional proceedings consistent with this opinion at the

discretion of the Commonwealth.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

In August 2014, the appellant appeared in the district court on a marijuana possession charge that had previously been taken under advisement. The court summarized the proceedings in an order as follows:

> There was a report from [the Virginia Alcohol Safety Action Program (VASAP)] that stated [the appellant] tested positive for amphetamines . . . . Based on this, [the judge] put the [appellant] under oath and the [appellant] stated she would not test positive for any illegal substances. The [appellant] was taken to the lock up for drug testing. The deputy trying to administer the test stated that the first time [the appellant] spilled her urine . . . from the test in the lock up and the second time [she] adulterated her urine sam[ple] by pouring water in her sample cup.

In a summary proceeding pursuant to Code § 18.2-456, the district court found the appellant guilty of criminal contempt for "interrupt[ing] and hinder[ing] the administration of justice." It sentenced her to ten days in jail.

The appellant appealed her contempt conviction to the circuit court, where she made a motion to dismiss the conviction on due process grounds. She argued that the district court's exercise of its contempt power in summary fashion, without notice and a separate hearing, violated her due process rights because not all essential elements of the misconduct occurred "in the presence of the [district court] judge . . . under the eye of the court." She contended that the error could not be adequately remedied in the circuit court because the statutory scheme did not permit her to have a true trial *de novo* in that court. The circuit court denied the motion to dismiss.

The court then found the appellant guilty of contempt as defined in Code § 18.2-456 and asked the prosecutor if he had any argument on disposition. The prosecutor responded that the finding of guilt was premature. He noted, "I think procedurally we need to go forward . . . somewhat like a trial," and he moved the court to admit the evidentiary summary contained in the district court's order. The prosecutor argued that the summary was admissible because it

constituted "the certificate" under Code § 18.2-459 that recounted the evidence from the district court. The appellant conceded that she was not entitled to confront the district court judge who was essentially serving as a witness by means of the certificate. She argued, however, that the certificate contained the statements of a deputy and a VASAP official and that admitting the certificate without allowing her to confront the makers of those statements violated her constitutional rights.

The circuit court ruled based on the certificate, "the only evidence . . . before the Court," that the appellant was guilty of contempt. The judge again asked the prosecutor for "[a]ny argument on disposition." The appellant objected that the court had "not afforded [her] the opportunity to present any evidence." The judge responded, "This statute . . . [refers to] [l]egal testimony. I think legal testimony is argument, and you've made that." The circuit court sentenced the appellant to pay a fine of $100.

## II. ANALYSIS

The appellant contends that because her conduct did not occur entirely in the presence of the district court, she was entitled to certain due process protections and could not be punished summarily. She argues that the circuit court should have dismissed the contempt finding because she did not receive those protections in the district court. She also asserts that the circuit court erred by refusing to allow her to testify and present evidence in her appeal to that court. For the reasons that follow, we hold that the appellant's assignments of error are properly before the Court and that reversal and remand to the circuit court are required.

### A. Legal Framework

The common law defines contempt and establishes the inherent power of courts to punish it. E.g., Parham v. Commonwealth, 60 Va. App. 450, 456-57, 729 S.E.2d 734, 736-37 (2012). Nevertheless, the General Assembly is authorized to regulate the courts' exercise of that power. Va. Const. art. IV, § 14. This legal framework is affected by constitutional due process doctrine that

recognizes two forms of criminal contempt—direct and indirect.  See, e.g., Scialdone v.

Commonwealth, 279 Va. 422, 442-43, 689 S.E.2d 716, 727-28 (2010).

Controlling constitutional principles provide that direct contempt, also called summary

contempt, occurs "when the contemptible conduct 'is committed in the presence of the court.'"  Id.

at 442, 689 S.E.2d at 727 (quoting Burdett v. Commonwealth, 103 Va. 838, 845-46, 48 S.E. 878,

880-81 (1904)).  Because the act occurs in the court's presence, "the court 'is competent . . . to

proceed upon its own knowledge of the facts, and to punish the offender without further proof, and

without issue or trial in any form.'"  Id. at 442-43, 689 S.E.2d at 727 (quoting Burdett, 103 Va. at

846, 48 S.E. at 881).  Direct contempt, therefore, describes "a narrowly limited category of

contempts" that may be punished summarily.  Id. at 443, 689 S.E.2d at 728 (quoting In re Oliver,

333 U.S. 257, 275 (1948)); see id. at 444, 689 S.E.2d at 728 (observing that "'the judge is his own

best witness of what occurred' and that the use of the testimony of other witnesses precludes the use

of summary contempt" (quoting United States v. Marshall, 451 F.2d 372, 374 (9th Cir. 1971))).

Constitutional principles further instruct that contempt is indirect, by contrast, "[i]f some

essential elements of the offense are not personally observed by the judge, so that he must depend

upon statements made by others."  Id. at 443-44, 689 S.E.2d at 728 (quoting Oliver, 333 U.S. at

275).  In the case of indirect contempt, the accused must be advised of the charges against her, be

afforded the right to legal representation, and "have a chance to testify and call other witnesses in

[her] behalf."  Id. at 443, 689 S.E.2d at 728 (quoting Oliver, 333 U.S. at 275).  Indirect contempt

proceedings generally also include the right to cross-examine adverse witnesses, although this right

derives from due process rather than from the Confrontation Clause.  See Gilman v.

Commonwealth, 275 Va. 222, 228, 657 S.E.2d 474, 476 (2008) (citing U.S. Const. amend. VI);

Parham, 60 Va. App. at 458, 729 S.E.2d at 737.

District and circuit courts have statutory authority to punish summarily the common-law categories of contempt set out in Code § 18.2-456. See Code §§ 16.1-69.24, 18.2-456 to -458; Parham, 60 Va. App. at 458-59, 729 S.E.2d at 738.[1] This statutory authority is limited by federal constitutional principles that require broader due process protections for contempt defined as indirect at common law. See, e.g., Scialdone, 279 Va. at 442-43, 689 S.E.2d at 727-28.

*B. Procedural Bar*

The appellant contends that the circuit court erred in not dismissing the district court contempt finding because, although her contempt was indirect, the district court provided her with only a summary proceeding. The Commonwealth suggests that the appellant waived her right to challenge this ruling because she did not argue in the circuit court, and does not assert in this appeal, that Code § 18.2-456 is unconstitutional or that the evidence was insufficient to support her conviction. We hold that the appellant's objections in the circuit court were sufficient to place that court's ruling on her motion to dismiss before this Court on appeal.

Rule 5A:18 provides in relevant part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." In determining whether a litigant has satisfied the requirements of the rule, Virginia's appellate courts have "consistently focused on whether the trial court had the opportunity to rule intelligently on the issue." Scialdone, 279 Va. at 437, 689 S.E.2d at 724. In addition, "a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Id. (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

---

[1] We do not address under which subsection or subsections of Code § 18.2-456 the appellant's behavior fell. She conceded below that the district court contempt adjudication occurred under Code § 18.2-456, and she does not assign error to the fact that the circuit court hearing proceeded under the related Code § 18.2-459. See infra Parts II.C., II.C.1.

The appellant's actions met the requirements of Rule 5A:18. She argued that her due process rights under the Federal and State Constitutions were violated in the district court because she was not given notice and a fair hearing, including the opportunity to prepare a defense, cross-examine witnesses, and present evidence. The circuit court judge summarized the appellant's position: "[T]he argument is that these things did not occur in the courtroom, [so] . . . [i]t's not a case of summary [contempt]." The prosecutor contended that the appellant was asking the court to rule that Code § 18.2-456 was unconstitutional. The appellant's counsel responded: "I am not, Your Honor. I'm asking the Court to find that [her] due process rights were violated in the district court [by] the fact she was not given the opportunity for a trial." Counsel clarified: "[The appellant] was found summarily in contempt for conduct that occurred outside the court's presence. . . . I'm not suggesting th[at] [Code §] 18.2-456 is unconstitutional. I'm suggesting that the summary [procedure] that was imposed in this case was not constitutional because of the nature of the offense." The circuit court specifically found no due process violation.

The appellant's arguments in the circuit court encompassed the claim that the statute, as applied to her, violated her due process rights, and that court ruled on the issue. Thus, the requirements of Rule 5A:18 were met. See Scialdone, 279 Va. at 439, 689 S.E.2d at 725.

*C. Merits*

The appellant contends that the circuit court's denial of her motion to dismiss was error because her contempt was indirect and the district court provided her with only the summary proceeding appropriate for a case of direct contempt under Code § 18.2-456. She also argues that she was entitled to present evidence in the circuit court as permitted by Code § 18.2-459.

Settled principles provide that appellate courts "decide cases 'on the best and narrowest grounds available'" and "avoid deciding constitutional issues needlessly." Commonwealth v. Swann, 290 Va. 194, 196-97, 776 S.E.2d 265, 267 (2015) (first quoting McGhee v. Commonwealth,

280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010); and then quoting Christopher v. Harbury, 536 U.S. 403, 417 (2002)). Additionally, Virginia's appellate courts review *de novo* purely legal questions of statutory interpretation. See L.F. v. Breit, 285 Va. 163, 176, 736 S.E.2d 711, 718 (2013). Further, under accepted principles of statutory construction, we look to the plain meaning of the words contained in a statute to determine the General Assembly's intent. Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009).

The procedure for appealing to the circuit court from a district court conviction for direct contempt under Code § 18.2-456 is set out in Code § 18.2-459. That code section provides:

> Any person sentenced . . . under § 18.2-458, [for a contempt conviction rendered summarily in the district court pursuant to Code § 18.2-456,] may appeal . . . [and] appear before [the] circuit court to answer for the offense. If such appeal be taken, a certificate of the conviction and the particular circumstances of the offense . . . shall forthwith be transmitted by the sentencing judge . . . . [The circuit court] judge, sitting without a jury, shall hear the case upon the certificate and any legal testimony adduced on either side, and make such order therein as may seem to him proper.

Code § 18.2-459. Code § 19.2-271 renders the district court judge incompetent to serve as a witness. See, e.g., Epps v. Commonwealth, 47 Va. App. 687, 706-07, 626 S.E.2d 912, 921 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 414-15, 641 S.E.2d 77, 79-80 (2007). Accordingly, in cases of contempt based on events that occurred in the presence of the district court, the certificate produced pursuant to Code § 18.2-459 facilitates appeal to the circuit court by providing a substitute for live testimony from the district court judge. Id.

The appellant objects on appeal only to the summary nature of the district court proceeding and the circuit court's refusal to allow her to present evidence in her Code § 18.2-459 appeal. See Anaman v. Commonwealth, 64 Va. App. 379, 388 n.5, 768 S.E.2d 700, 704 n.5 (2015); Alford v. Commonwealth, 56 Va. App. 706, 708-10, 696 S.E.2d 266, 267-68 (2010). She does not object on

appeal to the circuit court's consideration of any of the contents of the certificate.[2] Therefore, we do not consider whether the circuit court's use of the entire certificate was proper. Additionally, we recognize that a conviction for indirect contempt is appealable under the general *de novo* appeal statutes and that the question of whether a district court certificate may be used when indirect contempt involves elements of direct contempt is unresolved. See Code §§ 16.1-132, -136; Becker v. Commonwealth, 64 Va. App. 481, 496 n.7, 769 S.E.2d 683, 691 n.7 (2015). However, we also do not reach this question because the conviction was rendered pursuant to Code § 18.2-456 and the appeal procedure under the related Code § 18.2-459. Consequently, we examine the circuit court proceeding in light of the procedures in Code § 18.2-459. See Abdo v. Commonwealth, 64 Va. App. 468, 475 n.3, 769 S.E.2d 677, 680 n.3 (2015) (applying law-of-the-case doctrine to the review of an indirect contempt case decided under Code § 18.2-456).

### 1. Motion to Dismiss

In a *de novo* appeal of a district court matter pursuant to Code §§ 16.1-132 and -136, the circuit court looks at the case anew and is not authorized to review a claim that the district court erred. See Gravely v. Deeds, 185 Va. 662, 664, 40 S.E.2d 175, 176 (1946); Dickerson v. Commonwealth, 162 Va. 787, 796, 173 S.E. 543, 547 (1934); Wright v. Commonwealth, 52 Va. App. 690, 706-07 & n.9, 667 S.E.2d 787, 795 & n.9 (2008) (*en banc*). Absent an allegation of a systemic due process violation, one that compromises the fairness of the system, the litigant's only

---

[2] The appellant conceded in the circuit court that the observations of the district court were properly admitted through the certificate. She argued only that the certificate improperly included information that the district court judge obtained from the deputy sheriff and VASAP officials. On appeal, she relies on the inclusion of this information only as part of her rationale for why the circuit court should have dismissed the district court contempt adjudication. She does not separately assign error to the circuit court's consideration of any of the certificate's contents. Therefore, we do not determine whether consideration of the information in the certificate from the deputy and VASAP officials was error. See Anaman, 64 Va. App. at 388 n.5, 768 S.E.2d at 704 n.5. We also note for purposes of remand that the admission of this information has become the law of the case. See Abdo v. Commonwealth, 64 Va. App. 468, 475 n.3, 769 S.E.2d 677, 680 n.3 (2015).

remedy for a claim of error in the district court is a new proceeding in the circuit court. See Dickerson, 162 Va. at 796, 173 S.E. at 547; see also Ward v. Vill. of Monroeville, 409 U.S. 57, 61-62 (1972) (despite a *de novo* appeal, reversing based on a systemic due process violation arising from a state statute combining executive and judicial power in a single official, thereby compromising the official's impartiality as a judge); Paul B. Lewis, Systemic Due Process: Procedural Concepts and the Problem of Recusal, 38 U. Kan. L. Rev. 381, 396-403 (1990) (discussing the contours of systemic due process); cf. Wright, 52 Va. App. at 706 & n.9, 667 S.E.2d at 795 & n.9 (noting the lack of statutory authorization for a circuit court to review a district court's discretionary decision ending a prosecution by *nolle prosequi*).

An appeal of a district court adjudication of summary contempt under Code § 18.2-456 occurs pursuant to the specific provisions of Code § 18.2-459. An appeal pursuant to this section is not *de novo* like an appeal under Code §§ 16.1-132 and -136 because it involves the use of the district court's certificate. See Gilman, 275 Va. at 230-31, 657 S.E.2d at 477-78; see also Wright, 52 Va. App. at 706, 667 S.E.2d at 795 (observing in *dicta* that the process for appealing a conviction of summary contempt is "arguably" more like "true appellate jurisdiction" than proceedings under Code §§ 16.1-132 and -136). Nevertheless, the processes are sufficiently similar because the remedy provided by the General Assembly under Code § 18.2-459 for a claim of district court error under Code § 18.2-456 is a proceeding in the circuit court that permits the parties, governed by due process principles, to present evidence in addition to the district court's certificate. Code § 18.2-459 describes the "appeal" as an opportunity for the contemnor "to appear before [the] circuit court *to answer for the offense*." (Emphasis added). The statute also expressly directs that the circuit court judge, "sitting without a jury, *shall hear the case* upon the certificate and any legal testimony adduced on either side." Code § 18.2-459 (emphasis added); see also 2013 Va. Acts ch. 615 (amending Code § 18.2-459 to provide that the circuit court judge "shall" rather than "may" hear the

case and must do so "without a jury").  Finally, the statute provides that the circuit court judge

"shall . . . make such order therein as may seem to him proper."  Code § 18.2-459.  Consequently,

by its plain reading, the statute directs the circuit court to reach an independent determination

regarding the contemnor's guilt, while using the district court's recitation of what occurred in that

court's presence, along with any "legal testimony" presented to the circuit court by either party.  See

discussion infra Part II.C.2.  Absent a claim of a systemic due process violation, a claim that the

appellant does not make, the statute does not authorize the circuit court to revisit the procedure

followed by the district court.  Accordingly, the circuit court did not err in denying the appellant's

motion to dismiss.

### 2.  Right to Present Evidence in the Circuit Court

An appeal from a district court conviction for direct contempt, which occurs pursuant to

Code § 18.2-459, requires the circuit court to "hear the case" without a jury.  The statute further

directs that the court hear the case upon not only the district court's certificate but also "any legal

testimony adduced [by] either side."  Code § 18.2-459.  Here, the circuit court ruled that the phrase

"legal testimony" means legal argument and refused the appellant's request to present evidence.

We hold that this ruling was error.

In determining the plain meaning of a disputed term in a statute, a court may consider its

dictionary definition.  Bateman v. Commonwealth, 205 Va. 595, 599-600, 139 S.E.2d 102, 106

(1964).  Additionally, "the Code of Virginia constitutes a single body of law, and other [statutes]

can be looked to where the same phraseology is employed."  Moyer v. Commonwealth, 33

Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (*en banc*) (quoting Hart v. Commonwealth, 18

Va. App. 77, 79, 441 S.E.2d 706, 707 (1994)).  Finally, a court may look to the usage of the term in

the common law at the time of the statute's enactment.  See Norfolk & W. R.R. v. Prindle, 82 Va.

122, 130 (1886).

Testimony is defined, in relevant part, as "evidence" or "a solemn declaration usu[ally] made under oath in response to interrogation by a lawyer." Testimony, Webster's Third New International Dictionary (1993); see also Testimony, Ballentine's Law Dictionary (3d ed. 2010) (defining testimony as "[t]he words of a witness upon the stand" or, in more relaxed usage, simply "the evidence in a case"). Other Virginia statutes using the specific phrase "legal testimony," enacted roughly contemporaneously with Code § 18.2-459, support the conclusion that it includes testimony given under oath. See Code §§ 15.2-1654, 24.2-810 (referring to depositions and "other legal testimony . . . adduced by [the parties]").[3] Additionally, cases from the period of the statute's enactment consistently use the phrase "legal testimony" in a way indicating that it refers to admissible evidence. See Mut. Life Ins. Co. of N.Y. v. Oliver, 95 Va. 445, 452, 28 S.E. 594, 597 (1897); Akers v. Akers, 83 Va. 633, 635, 8 S.E. 260, 261 (1887); Kelly v. Bd. of Pub. Works, 75 Va. 263, 266-67 (1881); Land v. Jeffries, 26 Va. (5 Rand.) 599, 600 (1827). Somewhat more modern cases use the phrase in a similar fashion. See Mack v. Commonwealth, 177 Va. 921, 929, 15 S.E.2d 62, 65 (1941); Barton v. Camden, 147 Va. 263, 275, 137 S.E. 465, 468 (1927); Mohler v. Commonwealth, 132 Va. 713, 721, 111 S.E. 454, 456-57 (1922). Therefore, under the plain meaning of Code § 18.2-459, the appellant was entitled to present evidence in the circuit court, and the court committed an error of law by interpreting the phrase "legal testimony" to mean simply legal argument.

This outcome is consistent with the holding in Gilman. The Supreme Court of Virginia concluded in Gilman that in cases of petty direct contempt, the certificate provided for in Code

---

[3] The language in Code § 18.2-459, including the reference to "legal testimony," was first enacted in 1887. See Code § 3770 (1887); C. Whittle Sams, A Brief Comparison of the Most Important Statutes of the Codes of Virginia of 1873 and 1887 vii-viii, 113-14 (1888). The relevant language in Code § 24.2-810 also first appeared in the Code of 1887. See Code § 160 (1887). The similar language in Code § 15.2-1654 was contained in that statute's first enactment in 1908. See 1908 Va. Acts ch. 336, at 594.

§ 18.2-459 does not violate the Confrontation Clause because the clause does not apply in contempt proceedings. See 275 Va. at 228, 231, 657 S.E.2d at 476, 478.[4] The Court further noted that the "protections of fairness guaranteed by the due process clause of the Fifth and Fourteenth Amendments" provide the "safeguards applicable" to such defendants. Id. at 228, 657 S.E.2d at 476; see also Evitts v. Lucey, 469 U.S. 387, 393 (1985) ("[T]he Constitution does not require States to grant appeals as of right to criminal defendants . . . . Nonetheless, if a State has created [a right of appeal,] the procedures used in deciding appeals must comport with [due process] . . . ."). It also observed that the contemnor in Gilman "did not present any evidence" in the circuit court, implying that she had a right to do so but did not exercise that right. Gilman, 275 Va. at 226, 657 S.E.2d at 475; see also Rozario v. Commonwealth, 50 Va. App. 142, 146, 647 S.E.2d 502, 504 (2007) (*en banc*) (holding that in a contempt appeal under Code § 18.2-459, the circuit court "properly admitted and considered" the results of an Alcosensor test offered by the defendant).

Additionally, the Court in Gilman did not conclude that appeal proceedings under Code § 18.2-459 differ from *de novo* appeal proceedings under Code §§ 16.1-132 and -136 in any way other than the ability to use the certificate. Gilman, 275 Va. at 230-31, 657 S.E.2d at 477-78. It stated only that the more specific provisions of Code § 18.2-459 prevail "to the extent that" they conflict with the general appeal statutes. Id. at 230, 657 S.E.2d at 477.

Finally, the Court referred to the proceedings in both the district and circuit courts as "contempt *adjudication[s]*." Id. at 228, 231, 657 S.E.2d at 477, 478 (emphasis added). By doing so, it characterized each as an independent determination of the appellant's guilt. See Houck's Adm'r v. Kerfoot's Adm'r, 99 Va. 658, 661, 39 S.E. 590, 591 (1901) (distinguishing adjudication from interlocutory action); Adjudication, Ballentine's, supra (defining an adjudication as a

_____

[4] The Court noted that the defendant, who was held in contempt when she failed a court-ordered drug test, did not challenge "the characterization of her conviction as . . . direct contempt." 275 Va. at 225-27 & n.1, 657 S.E.2d at 475-76 & n.1.

"determination of the issues in an action" after a hearing, resulting in the rendering of judgment); Summary Contempt Proceeding, Ballentine's, supra (defined in part as a "proceeding for an *adjudication* of contempt" (emphasis added)).

Accordingly, we hold that the circuit court erred in ruling that "legal testimony" as used in Code § 18.2-459 refers only to argument and in denying the appellant the opportunity to present evidence in the proceeding before it.

### III. CONCLUSION

We hold that the denial of the appellant's motion to dismiss the district court contempt adjudication was not error because an appeal in the circuit court in compliance with statutory requirements was the only remedy available to the appellant on the facts of this case. However, we also hold that the circuit court erred by not allowing the appellant to present evidence in that court pursuant to Code § 18.2-459. Accordingly, we reverse the appellant's conviction and remand the case to the circuit court for additional proceedings consistent with this opinion at the discretion of the Commonwealth. Based on the procedural posture of this case, any such proceedings shall include the court's consideration of the factual contents of the district court's certificate as well as any testimony and other evidence introduced by the parties in the circuit court.

Reversed and remanded.